UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT POLLOCK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY AND SU WEI FENG, SHEN CHANG LIANG, JIANWEI LIU AND CHINA CERAMICS CO. LTD.,<br><br>Defendants. | No. 1:14-cv-04100 (VSB)<br>ECF Case |
| ROGER ARTINOFF, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA CERAMICS CO. LTD., HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY and SU WEI FENG,<br><br>Defendants. | No. 1:14-cv-04312 (VSB)<br>ECF Case |

[*Captions Continue on Next Page*]

**AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT**

302383.1

| | |
|---|---|
| RICHARD FINLAYSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY AND SU WEI FENG, JIANWEI LIU and CHINA CERAMICS CO. LTD.,<br><br>                   Defendants. | No. 1:14-cv-04997 (VSB)<br>ECF Case |

This Amended Stipulation and Agreement of Settlement (the "Settlement Stipulation"), dated July 22, 2015, is submitted in the above-captioned Actions pending in the United States District Court for the Southern District of New York. Subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Stipulation is made and entered into by and among (a) the Court-appointed Lead Plaintiffs (Ramin Siroosian, Shiva Siroosian, and Mike Banigan) on behalf of themselves and the Class defined herein ("Class Plaintiffs"); and (b) China Ceramics Co. Ltd., Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu (collectively "Settling Defendants") by and through their respective counsel of record in the Actions. The parties to this Settlement Stipulation (including the Class Plaintiffs and the Settling Defendants) shall collectively be referred to as the "Parties."

This Settlement Stipulation is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, release, and settle the Released Plaintiffs' Claims (as defined herein), and to dismiss these Actions against the Settling Defendants with prejudice, upon the terms and subject to the conditions set forth below without any admission or concession as to the

merits of any claim or defense by the Parties.

WHEREAS, on June 6, 2014, a class action complaint alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 was filed in this Court against China Ceramics Co., Ltd. ("China Ceramics") and certain of its officers and directors;

WHEREAS, on August 26, 2014, the Court entered an order appointing Lead Plaintiffs and Lead Plaintiffs' selection of The Rosen Law Firm P.A. and Glancy Prongay & Murray LLP as Lead Counsel;

WHEREAS, the Settlement set forth in this Settlement Stipulation is the product of extensive settlement discussions;

WHEREAS, Class Plaintiffs and their counsel believe they can prove that the Settling Defendants committed acts and/or omissions that subject them to liability under the federal securities laws.  Nevertheless they enter into this Settlement to obtain the significant benefits the Settlement will provide while, at the same time, eliminating the uncertainties, burden, risk, and expense of further litigation of the Actions. Class Plaintiffs and their counsel are mindful of problems of proof of, and possible defenses to, the federal securities law violations asserted in the Actions, including, but not limited to, proof of the Settling Defendants' state of mind, causation, and damages. Based on their evaluation, Class Plaintiffs and Class Plaintiffs' Counsel have concluded that the terms and conditions of this Settlement Stipulation confer substantial immediate benefits upon the Class, are fair, reasonable, and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Actions pursuant to the terms and provisions of this Settlement Stipulation;

WHEREAS, the Settling Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Class Plaintiffs and the Class and would have continued

to resist vigorously Class Plaintiffs' claims and would have continued to assert defenses thereto, the Settling Defendants are, nevertheless, entering into this Settlement to eliminate the uncertainties, burden, risk, and expense of further litigation; this Settlement Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants has asserted, or could have asserted, in the Actions;

WHEREAS, without admitting the strengths or weaknesses of any claims or defenses, the Parties have agreed to the Settlement set forth herein.

NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED, among Class Plaintiffs, on behalf of themselves and each of the other Class Members, by and through their duly authorized counsel, and the Settling Defendants, by and through their duly authorized counsel, that subject to the approval of the Court, these Actions against the Settling Defendants hereby will be finally and fully settled and released, compromised, and dismissed on the merits with prejudice, on the terms and conditions set forth in this Settlement Stipulation dated as of May 29, 2015.

## I.   DEFINITIONS

1.      As used in this Settlement Stipulation and the exhibits annexed hereto, the following terms have the following meanings unless this Settlement Stipulation or an exhibit provides otherwise:

(a) "Actions" mean the above-captioned actions titled (1) *Pollock v. China Ceramics Co. Ltd. et al.,* No. 1:14-cv-04100, (2) *Artinoff v. China Ceramics Co. Ltd. et al.*, No. 1:14-cv-04312, and (3) *Finlayson v. China Ceramics Co. Ltd. et al.*, No. 1:14-cv-04997, all pending in the

United States District Court for the Southern District of New York. The Preliminary Approval Order (defined below) shall consolidate these Actions into the action styled *In re China Ceramics Co. Ltd. Securities Litigation*, No.1:14-cv-04100 (VSB).

(b) "Authorized Claimant" means any Class Member (or the representative of such Class Member including, without limitation, its agents, administrators, executors, heirs, successors, and assigns) who (i) timely returns a valid and signed Proof of Claim to the Claims Administrator, (ii) whose Proof of Claim is not rejected, and (iii) who is entitled to a distribution from the Settlement Fund Escrow Account pursuant to the terms and conditions set forth in this Settlement Stipulation and the Plan of Allocation.

(c) "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by federal law to be closed.

(d) "Claims Administrator" means the firm of Strategic Claims Services, which shall be retained by Lead Counsel and shall administer the Settlement, including sending a mailed Notice to Class Members, arranging for publication of Notice, and processing claims filed after the entry of the Final Judgment, and such other administrative functions required under this Settlement Stipulation.

(e) "Class" means all persons or entities that purchased China Ceramics Co., Ltd. common stock from March 30, 2012, through May 1, 2014, both dates inclusive. Excluded from the Class are the Settling Defendants, officers and directors of China Ceramics, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which a Settling Defendant has or had a controlling interest; all current and former employees of the Settling Defendants that were employed by the Settling Defendants during the Class Period, their immediate families, their heirs, successors, or assigns, and any entity controlled or owned

5

by any such person. Also excluded from the Settlement Class are those persons who have no compensable damages (i.e., those who sold prior to a corrective disclosure).

(f) "Class Member" means a member of the Class.

(g) "Class Notice and Administration Escrow Fund" means the funds deposited into the Class Notice and Administration Fund Escrow Account to pay Class Notice and Administration Expenses pursuant to Paragraph 10 and any interest or income earned thereon.

(h) "Class Notice and Administration Fund Escrow Account" means an interest bearing escrow account established by the Claims Administrator to receive funds for the payment of Class Notice and Administration Expenses pursuant to Paragraph 10.

(i) "Class Notice and Administration Expenses" means all reasonable costs associated with providing notices to the Class and the administration of the Settlement, including, without limitation, the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim forms, publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national business publications and newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Class claims; assisting with the filing of claims, processing Proof of Claim forms, and paying escrow fees and costs, if any; and administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants.

(j) "Class Period" means the period from March 30, 2012 to May 1, 2014, both dates

inclusive.

(k) "Class Plaintiffs" means Lead Plaintiffs Ramin Siroosian, Shiva Siroosian, and Mike Banigan.

(l) "Class Plaintiffs' Counsel" means Lead Counsel.

(m) "Class Plaintiffs' Released Parties" shall mean Ramin Siroosian, Shiva Siroosian, and Mike Banigan and/or their respective families, associates, affiliates, and each and all of their respective past and present employees, attorneys, accountants, insurers, co-insurers, reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors, and assigns or other individuals or entities in which Class Plaintiffs have a controlling interest or which is related to or affiliated with Class Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Actions.

(n) "Complaints" mean Plaintiffs' Complaints filed in the Actions on June 6, 2014, June 16, 2014, and July 2, 2014, respectively.

(o) "Court" means the United States District Court for the Southern District of New York.

(p) "Court of Appeals" means the United States Court of Appeals for the Second Circuit.

(q) "Effective Date" has the meaning set forth in Paragraph 48.

(r) "Escrow Accounts" mean, collectively, the Class Notice and Administration Fund Escrow Account and the Settlement Fund Escrow Account.

(s) "Escrow Agent" means Huntington National Bank.

(t) "Exchange Act" means the Securities Exchange Act of 1934, as amended.

(u) "Execution Date" means the date on which this Settlement Stipulation has been executed by all Parties.

(v) "Fee and Expense Award Application" has the meaning set forth in Paragraph 38.

(w) "Fee and Expense Award" means such amounts as may be awarded by the Court to Class Plaintiffs' Counsel to be paid from the Settlement Fund to compensate Class Plaintiffs' Counsel for its efforts on behalf of the Class and reimburse it for its expenses in connection with their prosecution of the Actions, which may include some or all of the following: (i) an award of attorneys' fees, (ii) reimbursement of expenses incurred in connection with prosecuting the Actions, including, without limitation, expenses attributable to experts and/or consultants retained by Class Plaintiffs' Counsel, and (iii) interest on such attorneys' fees and expenses at the same rate as earned by the Settlement Fund Escrow Account, from the date the Court orders such award until the dates paid from the Settlement Fund Escrow Accounts.

(x) "Final", with respect to any Court order, including but not limited to the Judgment, means (i) the date of final affirmance of the Judgment in its entirety on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment in its entirety following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Judgment approving the Settlement.

(y) "Gross Settlement Fund" means the fund described in Paragraph 3 of this Settlement Stipulation.

(z) "Immediate Family" shall mean spouse, domestic partner, parents, grandparents,

302383.1

children, and grandchildren.

(aa) "Judgment" means the proposed Order and Final Judgment to be entered by the Court approving the Settlement, substantially in the form annexed hereto as Exhibit E or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Actions.

(bb) "Lead Counsel" means the Court-appointed Co-Lead Counsel: The Rosen Law Firm P.A., and Glancy Prongay & Murray LLP.

(cc) "Lead Plaintiffs" mean Ramin Siroosian, Shiva Siroosian, and Mike Banigan.

(dd) "Net Settlement Fund" has the meaning set forth in Paragraph 5 of this Settlement Stipulation.

(ee) "Notice" means the Notice of Pendency and Settlement of Class Action , substantially in the form annexed hereto as Exhibit B, which is to be mailed to Class Members, pursuant to the Preliminary Approval Order.

(ff) "Parties" means Class Plaintiffs, both in their individual capacities and as representatives of the Class, and the Settling Defendants.

(gg) "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government entity or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

(hh) "Plaintiffs" mean all Class Members, including Class Plaintiffs, both in their individual capacities and as representatives of the Class.

(ii) "Plan of Allocation" means the terms and procedures for allocating the Net

Settlement Fund among, and to, Authorized Claimants as set forth in the Notice or such other Plan of Allocation as the Court shall approve.

(jj) "Preliminary Approval Order" means the Order to be entered by the Court preliminarily approving the Settlement and providing for notice, substantially in the form annexed hereto as Exhibit A.

(kk) "Proof of Claim" means the form that will be mailed to Class Members with the Notice and pursuant to which Class Members submit a claim by completing, signing, dating, and returning it to the Claims Administrator in accordance with the procedures set forth therein. A sample Proof of Claim proposed by Plaintiffs is annexed as Exhibit C.

(ll) "Publication Notice" means the Summary Notice of Class Action Settlement, substantially in the form attached as Exhibit D, which is to be published pursuant to the Preliminary Approval Order.

(mm) "Qualified Settlement Fund" means a fund within the meaning of Treasury Regulations § 1.468B-1.

(nn) "Released Parties" means the Class Plaintiffs' Released Parties and the Settling Defendants' Released Parties.

(oo) "Released Plaintiffs' Claims" means any and all claims (including "Unknown Claims" as defined in Paragraph 1(bbb)), debts, rights, demands, disputes, suits, matters, damages, losses, restitution, judgments, obligations, issues, liabilities, allegations of liability, or causes of action of any kind, nature, and character whatsoever (including but not limited to any claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether fixed or contingent,

302383.1

accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, (i) that were asserted or could have been asserted against any of the Settling Defendants' Released Parties or in any of the Actions, (ii) that would have been barred by *res judicata* had any of the Actions been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Class Member against any of the Settling Defendants' Released Parties that arise out of, are based upon, or are related to the facts alleged in the Complaints or their purchase, acquisition, sale or disposition of China Ceramics common stock during the Class Period; *provided, however*, that the term "Released Plaintiffs' Claims" shall not include claims to enforce the Settlement.

(pp) "Released Settling Defendants' Claims" means all claims, demands, rights, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Class Plaintiffs, Lead Counsel and their Released Parties, arising out of the institution, prosecution, settlement or resolution of any of the Actions, provided however, that Settling Defendants and Settling Defendants' Released Parties shall retain the right to enforce the terms of the Settlement Stipulation.

(qq) "Settlement" means the settlement contemplated by this Settlement Stipulation.

(rr) "Settlement Amount" means $310,000 in cash ("Settlement Cash") and $540,000 worth of shares of China Ceramics common stock ("Settlement Stock") to be paid in accordance with Paragraph 2 hereof.

302383.1

(ss) "Settlement Fund" means the monies deposited into the Settlement Fund Escrow Account, the Settlement Stock issued in accordance with Paragraph 2 hereof, and any residual monies held in the Class Notice and Administration Fund Escrow Account, and any interest or income earned thereon.

(tt) "Settlement Fund Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable pursuant to Paragraph 2 of this Settlement Stipulation.

(uu) "Settlement Hearing" shall have the meaning set forth at Paragraph 24, as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A.

(vv) "Settlement Stipulation" means this Stipulation and Agreement of Settlement and its accompanying exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

(ww) "Settling Defendants" means China Ceramics Co. Ltd., Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu.

(xx) "Settling Defendants' Counsel" means Loeb & Loeb LLP and Schiff Hardin LLP.

(yy) "Settling Defendants' Released Parties" shall mean the Settling Defendants and all entities owned, affiliated or controlled by them, their past or present directors, officers, employees, partners, members, affiliates, predecessors, successors, parents, subsidiaries, divisions, joint ventures, principals, agents, attorneys, trustees, advisors, consultants, underwriters, investment bankers, insurers, reinsurers, assigns, spouses, heirs, executors, personal representatives, associates, related or affiliated entities, any members of their Immediate Families, marital communities, or any trusts for which they are trustee, settler or beneficiary, and

12

anyone acting or purporting to act for or on behalf of any of them or their successors.

(zz) "Supreme Court" means the Supreme Court of the United States.

(aaa) "Taxes and Tax Expenses" means (i) all taxes (including any estimated taxes, interest or penalties) on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the operation and implementation of the provision in Part III.C below and the taxation of the Gross Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants related to filing the tax returns described in Part III.C below.

(bbb) "Unknown Claims" means any and all Released Plaintiffs' Claims and Released Settling Defendants' Claims of every nature and description that Class Plaintiffs, any Class Member, and the Settling Defendants, and each and every one of them, does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed, concealed or hidden. Notwithstanding the choice of law provisions in this Settlement Stipulation, upon the Effective Date, the Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in their or her favor at the time of executing the release, which if known by him or her must have materially affected their or her settlement with the debtor.

The Parties shall expressly and each Class Member shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any U.S. federal or state law or principle of common law or otherwise that is

similar, comparable or equivalent to California Civil Code § 1542. The Parties and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' and the Released Settling Defendants' Claims, but the Parties and Class Members, upon the Effective Date, by operation of the Judgment shall have expressly, fully, finally and forever settled and released, any and all Released Plaintiffs' Claims and any and all Released Settling Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.   THE GROSS SETTLEMENT FUND

2.     In consideration of the full and final settlement of the Released Plaintiffs' Claims, the Settling Defendants shall pay the Settlement Amount into the Settlement Fund Escrow Account as set forth herein. Within fifteen (15) Business Days of Settling Defendants' Counsel's receipt of all of the following: (a) the signed Preliminary Approval Order entered by the Court preliminarily approving the Settlement; (b) the Settlement Fund Escrow Account wiring instructions; and (c) the tax identification number for the Settlement Fund Escrow Account: (i) the Settling Defendants shall pay or cause to be paid by wire transfer the Settlement Cash to the Settlement Fund Escrow Account. **The number of shares of Stock issued to the Class**

**Members shall be calculated based on the average of the closing prices for China Ceramics common stock for the ten trading days prior to the hearing date for final approval of the Settlement (the "Average Price")**. China Ceramics will issue the Settlement Stock into an escrow held by a mutually agreeable escrow agent within thirty (30) calendar days after the Effective Date of the Settlement. The Settlement Stock shall be duly and validly issued, fully paid, non-assessable, and free from all liens and encumbrances and the Settling Parties stipulate and request the Court to find and order in the Judgment, among other things, that (i) the Settlement Stock is exempt from registration under Section 3(a)(10) of the Securities Act of 1933, as amended, (ii) the Court is approving the terms and conditions of the issuance of the Settlement Stock without any restrictions on the transfer of such Settlement Stock and approving the exchange of such Settlement Stock, in part, for the Released Plaintiffs' Claims, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue the Settlement Stock in such exchange shall have the right to appear, and (iii) confirming that the Court is expressly authorized by law to grant such approval. Lead Counsel shall hold the Settlement Stock as fiduciary for the benefit of Members of the Class prior to the distribution of such Settlement Stock and prior to the distribution of the Settlement Stock to the Members of the Class, Lead Counsel shall have the option, in its sole discretion but consistent with its fiduciary duties to the Class Members, of selling all or any portion of the Settlement Stock for the benefit of Members of the Class, provided that the proceeds of any such sale shall be placed in the Escrow Account established by the Escrow Agent pursuant to ¶4. Neither Lead Plaintiffs, the Class Members, nor the Settling Defendants shall have a claim against Lead Counsel or Lead Plaintiffs, or any of their agents, based on the disposition of the Settlement Stock or distributions made in accordance with this Stipulation.

302383.1

3.      The Settlement Amount as specified in Paragraph 2, together with any interest earned thereon from the date of deposit into the Escrow Accounts, shall be the "Gross Settlement Fund" and shall be the full and sole monetary contribution made by or on behalf of the Settling Defendants' Released Parties in connection with the Settlement, including with respect to the payment of Class Notice and Administration Expenses as set forth in Paragraph 10, and without limiting the generality of the foregoing in any way, all Class Notice and Administration Expenses shall be paid out of the Gross Settlement Fund (including the Class Notice and Administration Escrow Fund). Except as otherwise provided in this Settlement Stipulation with respect to payment of the Fee and Expense Award from the Gross Settlement Fund, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary Court orders and approvals with respect to the same.

## III.   ADMINISTRATION OF THE GROSS SETTLEMENT FUND

### A.      The Escrow Agent

4.      Huntington National Bank shall serve as escrow agent for the Escrow Accounts. Until such time as the Settlement and Judgment becomes Final, the Escrow Agent shall invest the Settlement Amount held in the Escrow Accounts only in United States Treasury Bills with a maturity of ninety (90) days or fewer in an account held at a nationally recognized financial institution. After the Settlement and Judgment becomes Final, the Escrow Agent shall invest any funds in excess of two-hundred fifty thousand dollars ($250,000) deposited into the Settlement Fund Escrow Account pursuant to Paragraph 2 in instruments backed by the full faith and credit of the government of the United States of America, and shall collect and reinvest all interest accrued thereon in the same instruments. Any funds held in the Escrow Accounts in amounts of

less than $250,000 may be held in an interest bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"). The Settling Defendants' Released Parties shall not have any responsibility or liability whatsoever for investment decisions. The Escrow Agent shall (a) bear all responsibility and liability for managing the Escrow Accounts and cannot assign or delegate its responsibilities without approval of the Parties, and (b) bear all the risks related to investment of the Gross Settlement Fund held in the Escrow Accounts, and shall indemnify the Released Parties and hold them harmless from any losses arising from the investment or disbursement of any of such portion of the Gross Settlement Fund.

5.      The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award; (ii) Class Notice and Administration Expenses; (iii) any Taxes and Tax Expenses; (iv) any Class Plaintiffs' Compensatory Awards; and (v) any other payment directed by the Court. The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

**B.      Handling and Disbursement of Funds by the Escrow Agent**

6.      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)      To pay reasonable Class Notice and Administration Expenses as provided in Paragraph 10;

(b)      To pay Taxes and Tax Expenses (as defined in Paragraph 16) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior Order of Court; and

(c)      To pay any Fee and Expense Award as provided in and pursuant to Paragraphs 38 and 39.

302383.1

7.      The Escrow Agent shall not use or disburse all or any part of the Settlement Fund held in the Escrow Accounts except as provided in this Settlement Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' Counsel and Lead Counsel. The Escrow Agent will provide statements of account on a monthly basis to Lead Counsel.

8.      Subject to further order and/or direction as may be made by the Court or at the direction of Lead Counsel, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Settlement Stipulation.

9.      All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Stipulation, the Plan of Allocation, and/or further order(s) of the Court, or returned to the Settling Defendants in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Part XI below.

10.     Within five (5) Business Days after payment of the Settlement Amount into the Settlement Fund Escrow Account, the Escrow Agent may deposit up to $75,000 from the Gross Settlement Fund into a Class Notice and Administration Fund Escrow Account. Monies deposited in the Class Notice and Administration Fund Escrow Account may be used by the Claims Administrator to pay Class Notice and Administration Expenses. After the Effective Date, any residual monies held in the Class Notice and Administration Fund Escrow Account upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund Escrow Account.

11.     Settling Defendants and Settling Defendants' Released Parties shall have no responsibility or liability for the allocation of the Settlement Fund among the Class Members or

any portion of the Fee and Expense Award or any Taxes or Tax Expenses (as referred to in paragraphs 6(b) and 10).

12.     All payments of Class Notice and Administration Expenses, Taxes and Tax Expenses, and any portion of the Fee and Expense Award shall be paid solely from the Settlement Fund Escrow Account and not by Plaintiffs, Plaintiffs' Counsel, members of the Class or the Released Parties. Except as expressly stated in this Settlement Stipulation, there shall be no liability on the part of the Class Plaintiffs' Released Parties, Class Plaintiffs' Counsel, Settling Defendants' Released Parties, or Settling Defendants' Counsel for Class Notice and Administration Expenses, Taxes and Tax Expenses, any other fees or costs of the Claims Administrator, and any other cost of administering the Settlement Fund; in no event shall the Settling Defendants' Released Parties have any monetary obligation whatsoever beyond their respective obligations with respect to the Gross Settlement Fund as provided in Paragraph 2 above.

13.     Lead Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Class Notice and Administration Fund Escrow Account shall be used solely to fund reasonable Class Notice and Administration Expenses. In the event that the Effective Date does not occur or this Settlement Stipulation is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund to Settling Defendants the balance remaining in the Class Notice and Administration Fund Escrow Account. In no event shall Class Plaintiffs, Lead Counsel, or the Class be liable to the Settling Defendants for any sums used to fund such properly incurred Class Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or costs of the Claims Administrator incurred providing reasonable class notice.

C.     **Taxes and Tax Expenses**

302383.1

14.     The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent, with the approval of Lead Counsel, shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Part III.C, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

15.     The Escrow Agent shall be the "administrator" of the Settlement Fund, as that term is used in Treas. Reg. § 1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required Tax returns with respect to the Settlement Funds, including, without limitation, the returns described in Treas. Reg.§§ 1.468B-2(k)(l) and 1.468B-2(1)(2). Such returns (as well as the election described in Paragraph 14) shall be consistent with this Part III.C and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in Paragraph 16 below.

16.     All Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, and expenses and costs incurred in connection with the operation and implementation of this Part III.C (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in Paragraph 15) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund. Settling Defendants' Released

Parties, Settling Defendants' Counsel, Lead Plaintiffs, and Lead Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall indemnify and hold each of the Settling Defendants' Released Parties and Settling Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any indemnification payments). The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither Settling Defendants' Released Parties, Settling Defendants' Counsel, Lead Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Part III.C.

## IV.     CLASS CERTIFICATION

17.     The Parties hereby stipulate to certification of the Class, pursuant to Federal Rules of Civil Procedure 23(a)), solely for purposes of this Settlement subject to paragraph 56. The certification of the Class shall be binding only with respect to the Settlement and only upon the occurrence of the Effective Date, which includes the Judgment becoming Final.

## V.      RELEASES

18.     The obligations incurred pursuant to this Settlement Stipulation shall be a full and final disposition of the Actions against the Settling Defendants, any and all Released Plaintiffs' Claims, and any and all Released Settling Defendants' Claims, as against all Released Parties.

19.     Upon the Effective Date, Class Plaintiffs and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors, or assigns, and Class Plaintiffs' Released Parties shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against Settling Defendants, and each of them, and any and all of the Settling Defendants' Released Parties, and shall have covenanted not to sue the Settling Defendants with respect to all such Released Plaintiffs' Claims and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining, or asserting any Released Plaintiffs' Claim, or assisting any Person in instituting, prosecuting, participating,  continuing, maintaining, or asserting any Released Plaintiffs' Claim, against any of the Settling Defendants' Released Parties, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any other Person, and regardless of whether or not such Class Member executes and delivers the Proof of Claim. By entering into this Settlement Agreement, Class Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Plaintiffs' Claims, or any of them, to any other Person.

20.     Upon the Effective Date, Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Settling Defendants' Claims against Class Plaintiffs and any and all of the Class

Plaintiffs' Released Parties including, but not limited to, Plaintiffs' Counsel. By entering into this Settlement Agreement, the Settling Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Settling Defendants' Claims, or any of them, to any other Person.

21.     Only those Class Members filing valid and timely Proof of Claim forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund. The Proof of Claim to be executed by Class Members shall release all Released Plaintiffs' Claims against Settling Defendants and Settling Defendants' Released Parties, and shall be substantially in the form contained in Exhibit C annexed hereto.

22.     All Class Members not submitting valid and timely requests for exclusion shall be bound by the releases set forth in this Section V, whether or not they submit a valid and timely Proof of Claim.

## VII.   PRELIMINARY APPROVAL HEARING AND ORDER

23.     Promptly after this Settlement Stipulation has been fully executed, but in any event no later than May 29, 2015, Lead Counsel shall submit the fully executed Settlement Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, approve the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits B and D annexed hereto, which shall include the general terms of the Settlement set forth in this Settlement Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Award Application (as defined in paragraph 38) and the date of the Settlement Hearing as defined below. The Preliminary Approval Order shall also seek to consolidate the Actions into the action styled *In re China Ceramics Co. Ltd. Securities Litigation*, No.1:14-cv-04100 (VSB). The complaint filed in

23

*Pollock v. Dong*, No. 14-cv-04100 (VLC) shall serve as the operative complaint for purposes of this Settlement.

24.      At the time of the joint submission described in Paragraph 23, Lead Counsel and Settling Defendants' Counsel shall also jointly request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing"), among other things, to certify the Class and grant final approval of this Settlement as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Award Application, and the Class Plaintiffs' Compensatory Awards, if any.

25.      Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Stipulation, to the Plan of Allocation, to any term(s) of this Settlement Stipulation, to the Fee and Expense Award Application, or to the Class Plaintiffs' Compensatory Awards must both effect service on Lead Counsel and Settling Defendants' Counsel and file with the Court by no later than twenty-one (21) days before the Settlement Hearing, or as the Court may otherwise direct, a statement of objection(s); provided however, that a potential Class Member who submits a Request for Exclusion, as defined below, from the Class shall not be able to submit an objection. If a Class Member timely and properly serves and files written objections, as set forth in this paragraph, Lead Counsel and Settling Defendants' Counsel may, as they deem appropriate, submit papers in support of the Settlement Stipulation, the Plan of Allocation, any term(s) of this Settlement Stipulation, to the Fee and Expense Award Application, or to the Class Plaintiffs' Compensatory Awards no later than seven (7) days before the Settlement Hearing. Any Class Member who files an objection  need not personally appear at the hearing to have their objection considered by the Court.  However if an objector intends to

appear in person at the hearing, the objector must provide notification of his/her intent to appear in person in his/her written objection.26.    The statement of objection of the Class Member shall state (a) whether the Class Member is a Class Member, (b) which part of the Settlement, term(s) of the Settlement Stipulation, Fee and Expense Award Application, and/or Class Plaintiffs' Compensatory Awards the Class Member objects to and (c) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish the amount of publicly-traded China Ceramics common stock purchased and sold during the Class Period, and the prices and dates of each transaction. Failure to provide such information and documentation shall be grounds to void the objection.

27.    Any Class Member who fails to comply with any of the provisions of Paragraphs 25-26 of this Settlement Stipulation shall waive and forfeit any and all rights he, she, or it may otherwise have to appear separately at the Settlement Hearing and/or to object to this Settlement Stipulation, and shall be bound by all the terms of this Settlement Stipulation, and by all proceedings, orders, and judgments in the Actions.

## VIII.   ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF THE NET SETTLEMENT FUND

28.    The Claims Administrator, acting on behalf of the Class, and subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as the circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Settling Defendants' Released Parties shall not have any role in, or responsibility or liability to

any Person, including without limitation, the Class Plaintiffs, Class Members, or Lead Counsel, for the administration of the Settlement or the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Settling Defendants in connection with such matters.

29.     The Settlement Fund shall be applied as follows:

(a)     To pay the Taxes and Tax Expenses as provided in Paragraph 16 above;

(b)     To pay all reasonable Class Notice and Administration Expenses as provided in Paragraph 10, including any additional fees and expenses reasonably incurred by the Claims Administrator in the administration of the Settlement Fund;

(c)     To pay any Fee and Expense Award with interest thereon granted by the Court as provided in Paragraph 38 (the "Fee and Expense Award");

(d)     To pay a Compensatory Award to the Class Plaintiffs as provided in Paragraph 24, in the event and to the extent any such award is sought and allowed by the Court;

(e)     Following the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by this Settlement Stipulation, the Plan of Allocation, or the Court.

30.     Following the Effective Date, in accordance with the terms of this Settlement Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Claims Administrator shall disburse the Net Settlement Fund, under Lead Counsel's supervision, subject to and in accordance with the following:

(a)     Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Preliminary Approval Order,

Exhibit A hereto, and is postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and receive payments pursuant to this Settlement Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in this paragraph 30;

(b)      Each Class Member who wishes to participate in the distributions from the Net Settlement Fund must return a completed Proof of Claim, signed under penalty of perjury pursuant to 28 U.S.C. § 1746 and supported by such documents as specified in the Proof of Claim, including proof of the claimant's loss, no later than 120 calendar days after the entry of the a preliminary approval order. A sample Proof of Claim proposed by the Parties is annexed hereto as Exhibit C. The address to which the Proof of Claim must be mailed shall be set forth on the Proof of Claim itself and shall also be printed in the Notice. If sent by first-class mail, such Proof of Claim must be postmarked no later than a date set forth in the Notice (unless that date is extended by order of the Court). If sent by any manner other than by first-class mail, the Proof of Claim must actually be received by the Claims Administrator by the date set forth in the Notice (unless that date is extended by order of the Court).

(c)      The validity of each claim submitted will be initially determined by the Claims Administrator, acting under Lead Counsel's supervision as necessary, in accordance with the Plan of Allocation approved by the Court. Lead Counsel, the Claims Administrator, and the Settling Defendants' Released Parties shall not have any liability arising out of said

302383.1

determination. In the event a Class Member disagrees with such determination, the dispute shall be submitted to the Court for summary resolution. Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to that Class Member's claim against the Net Settlement Fund.

(d)     All initial determinations as to the validity of a Proof of Claim, the calculation of the extent to which each Authorized Claimant will participate in the Net Settlement Fund, the preparation and mailing of distributions to Authorized Claimants, and the distribution of the Net Settlement Fund shall be performed by the Claims Administrator subject, as circumstances may require, to supervision by Lead Counsel or such other persons or entities as Lead Counsel may, in its sole discretion, deem necessary or advisable to assist it in the administration of this Settlement Stipulation. All proceedings with respect to the administration of the Settlement Fund, and the administration, processing and determination of Class Members' claim requests, and the determination of all controversies related thereto, including disputed questions of law and fact with respect to the validity of any Proof of Claim or regarding rejection of any claims submitted, shall remain under the jurisdiction of the Court and shall be governed by, and construed in accordance with, the laws of the State of New York without regard to choice or conflicts-of-laws principles.

(e)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a properly completed and signed Proof of Claim consistent with the procedures set forth in this Settlement Stipulation or who file a Proof of Claim that is ultimately rejected, shall be forever barred from receiving any payments pursuant to this Settlement Stipulation and Settlement, but shall nevertheless be barred and enjoined from bringing any action against the Released Parties concerning the Released Plaintiffs' Claims and subject to and bound by the

provisions of this Settlement Stipulation, the Judgment, and all proceedings, rulings, orders, and judgments in the Actions, including, without limitation, the release of the Released Plaintiffs' Claims and the dismissal with prejudice of the Actions. Notwithstanding the foregoing, the Claims Administrator, with the approval of Lead Counsel, may accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

31.     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice mailed to Class Members and approved by the Court. The Settling Defendants' Released Parties shall have neither the right nor the duty to participate in the determination of how the Net Settlement Fund is distributed to the Class. The Plan of Allocation shall not be a part of the Settlement Stipulation and any order or proceeding related to said Plan of Allocation shall not operate to terminate or cancel this Settlement Stipulation or affect the finality of the Court's Judgment approving this Settlement Stipulation and the Settlement it describes, or any other orders entered pursuant to this Settlement Stipulation.

32.     Lead Counsel, with approval of Class Plaintiffs, will apply to the Court, on notice to Settling Defendants' Counsel, for a Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the submitted Proofs of Claim and approving any Class Notice and Administration Expenses (including but not limited to the fees and expenses of the Claims Administrator) or Taxes and Tax Expenses not previously applied for and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation and the Claims Administrator's determinations.

302383.1

33.     No Person shall have any claim against Class Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court. No Person shall have any claim under any circumstances against the Settling Defendants' Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of the Plan of Allocation.

34.     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. However, if any balance remains in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in a manner consistent with the Plan of Allocation. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to a not-for-profit organization as the Court may direct and approve. This is not a claims-made settlement and, if all conditions of the Settlement Stipulation are satisfied and the Settlement becomes final, no portion of the Settlement Fund will be returned to the Settling Defendants. Settling Defendants and their corresponding Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

35.     None of the Settling Defendants' Released Parties shall have any responsibility

for or liability whatsoever with respect to (i) any act, omission, or determination of Lead Counsel, the Claims Administrator, or the Escrow Agent, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, Tax Expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

36.     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Settlement Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Settlement Stipulation or affect the finality of the Court's Judgment approving this Settlement Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Settlement Stipulation.

37.     After Notice is given, Lead Counsel will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Award Application, and the Compensatory Award, and the Parties shall request and obtain from the Court a Judgment substantially in the form annexed to this Agreement as Exhibit E.

## IX.     ATTORNEYS' FEE AND EXPENSE AWARD AND CLASS PLAINTIFFS' COMPENSATORY AWARD

31

38.     Lead Counsel will apply to the Court for a Fee and Expense Award (the "Fee and Expense Award Application") to be paid as provided in Paragraph 39 subject to the obligation of Lead Counsel to make appropriate refunds as required pursuant to Paragraphs 40 and 41 below. Lead Counsel may request up to 33% of the Settlement Fund (including up to 33% the shares to be issued pursuant to Paragraph 2, above) as compensation for Lead Counsel's efforts on behalf of the Class. The Settling Defendants Released Parties will take no position with respect to the Fee and Expense Award Application. Lead Counsel reserves the right to make additional applications for reimbursement of expenses to be paid solely from the Gross Settlement Fund (including Class Notice and Administration Expenses) incurred subsequent to the initial application for a Fee and Expense Award, if necessary.

39.     Subject to the restrictions in Paragraphs 40-41 below, any cash portion of Fee and Expense Award, as awarded by the Court, shall be payable to Lead Counsel solely from the Gross Settlement Fund four (4) Business Days after entry of (a) the Court's Order granting the Fee and Expense Award, and (b) the Judgment. In accordance with Paragraph 2, above, any stock portion of the Fee and Expense Award, as awarded by the Court, shall be transferred from the Parties' agreed upon escrow agent to Lead Counsel no later than 5 calendar days after the Effective Date of the Settlement. If there is an appeal of only the Fee and Expense Award, the shares to be issued to counsel shall remain with the escrow agent, to be transferred to Lead Counsel no later than seven calendar days after the entry of an order by the Court of Appeals or the Supreme Court awarding Lead Counsel either the amount of stock requested in the Fee and Expense Award Application or such other amount as set forth in the order of the Court of Appeals or the Supreme Court.

40.     If the Effective Date does not occur or if this Settlement Stipulation is terminated,

then any Fee and Expense Award is no longer payable. In the event that any cash portion of the Fee and Expense Award is paid from the Gross Settlement Fund, and the Effective Date does not occur or this Settlement Stipulation is terminated, Lead Counsel shall have the joint and several obligation to, and shall within ten (10) Business Days from the event which precludes the Effective Date from occurring or the termination of the Settlement Stipulation, refund to the Gross Settlement Fund the cash portion of the Fee and Expense Award paid to Lead Counsel. Lead Counsel, as a condition of receiving such cash portion of the Fee and Expense Award, agrees that it is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph 40 and Paragraph 41 below.

41. Lead Counsel agrees to refund to the Gross Settlement Fund, and shall have the joint and several obligation to make such refunds of, any cash award of attorneys' fees and expenses by the Court paid to Lead Counsel in the event the Court's Fee and Expense Award is reduced or reversed on appeal within ten (10) Business Days of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, and shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the distribution order.

42. The procedure for and allowance or disallowance by the Court of any application for a Fee and Expense Award to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Settlement Stipulation, and are to be considered by the Court at the Settlement Hearing, but separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Settlement Stipulation. None of the Parties may terminate or cancel the Settlement Stipulation on the basis of the amount of any Fee and Expense Award. Any order or proceedings relating to the Fee and Expense Award or Fee and Expense Award Application, or any appeal from any order relating to such Fee and

33

Expense Award or reversal or modification thereof, shall not modify, terminate or cancel this Settlement Stipulation, or affect or delay the finality of the Judgment approving this Settlement Stipulation and the Settlement of the Actions.

43.     Settling Defendants and Settling Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses (including without limitation any Fee and Expense Award) incurred or sought by Lead Counsel or any other Person who receives payment from the Gross Settlement Fund.

44.     Settling Defendants and Settling Defendants' Released Parties also shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses (including without limitation any Fee and Expense Award) with respect to the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Actions.

45.     Lead Counsel has advised Settling Defendants that Lead Counsel may submit an application to the Court (a) authorizing the payment of a Compensatory Award for the time and expenses expended by Class Plaintiffs in assisting Lead Counsel in the litigation of these Actions, and (b) requesting that, subject to the payment terms in Paragraphs 24, payment for any Compensatory Award payable in cash shall be payable to Class Plaintiffs ten (10) days after the Effective Date. The Settling Defendants and Settling Defendants' Counsel take no position with respect to any application for a Compensatory Award that Lead Counsel may submit to the Court.

## X.     FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

46.     Upon the Court's approval of this Settlement Stipulation, the Parties shall request that the Court enter Judgment in all material respects in the form set forth in Exhibit E,

34

dismissing the Actions as against the Settling Defendants with prejudice.

47.    The Judgment proposed to the Court shall include a bar order consistent with the terms of 15 U.S.C. § 78u-4(f)(7)(A) & (B) which states that:  (i) To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, any person or entity is hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any and all claims against the Settling Defendants' Released Parties, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, misrepresentation, and/or negligence) where the alleged injury to the claimant is claimant's alleged liability to Class Members arising out of or related in any way to the claims or allegations in the Actions, including any amounts agreed to be paid to the Class Members in settlement (whether in cash or any other form of consideration), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Actions, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere; (ii) To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, the Settling Defendants' Released Parties are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any and all claims against the Settling Defendants, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, misrepresentation, and/or negligence) where the alleged injury to the Settling Defendants' Released Parties is the Settling Defendants' liability to Class Members arising out of or related in any way to the claims or allegations in the Actions, including any amounts the Settling Defendants' Released Parties have paid or agreed to pay (whether in cash or any other form of consideration) to the Class Members

302383.1

in settlement, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Actions, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere.

## XI.    EFFECTIVE DATE OF SETTLEMENT, MODIFICATION AND TERMINATION

48.    The Effective Date of the Settlement Stipulation (the "Effective Date") shall be the date on which all the following conditions of settlement shall have occurred:

(a)    Deposit of the Settlement Cash portion of the Settlement Amount into the Settlement Fund in accordance with Paragraph 2 above;

(b)    Final approval by the Court of the Settlement, following Notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)    Entry by the Court of the Judgment in all material respects in the form set forth in Exhibit E, and the Judgment becoming Final, as defined in Paragraph 1(x) above. Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any Fee and Expense Award, or (c) the granting of a Compensatory Award to Lead Plaintiffs shall not affect, alter, or delay the occurrence of the Effective Date.

49.    Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Settlement Stipulation. The Settlement Fund shall be  distributed in accordance with Part VIII above.

50.    In the event that this Settlement Stipulation is not approved by the Court, or the Effective Date does not occur, then this Settlement Stipulation shall be canceled and terminated subject to Paragraph 51 below unless Lead Counsel and Settling Defendants' Counsel mutually

agree in writing to proceed with this Settlement Stipulation. None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed to in this Settlement Stipulation. Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Settlement Stipulation, no breach by any Party of its obligations under this Settlement Stipulation shall permit any other Party to terminate this Settlement Stipulation or, after the Effective Date, affect or impair the disposition of the Actions or release of claims contemplated by Part V above.

51.     Unless otherwise ordered by the Court, in the event the Settlement Stipulation is terminated, or is canceled, or shall not become effective for any reason, within ten (10) Business Days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of Paragraph 54 below, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to Paragraphs 10 or 16 above, shall be refunded by the Escrow Agent to Settling Defendants, plus accrued interest attributable to that amount by wire transfer pursuant to written instructions from Settling Defendants' Counsel. At the request of Settling Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Settling Defendants.

52.     In the event the Settlement Stipulation is not approved by the Court or the Settlement set forth in the Settlement Stipulation is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Litigation immediately prior to the Execution Date of this Settlement Stipulation and no claims,

302383.1

rights or defenses, whether legal or equitable, of any of the Parties that existed prior to executing this Settlement Stipulation shall be diminished or prejudiced in any way. In such event, the terms and provisions of the Settlement Stipulation, with the exception of Paragraphs 1(a)-(bbb), 50-53 hereof, shall have no further force and effect with respect to the Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Settlement Stipulation.

53.     If the Effective Date does not occur, neither Class Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any Class Notice and Administration Expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to this Settlement Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Settlement Stipulation prior to the balance being refunded in accordance with Paragraph 51.

54.     Class Plaintiffs, on behalf of the Class, or the Settling Defendants shall, in each of their separate discretions, have the right to terminate the Settlement, and thereby this Settlement Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of:

(a)     The Court's declining to enter the Preliminary Approval Order substantially in the form annexed as Exhibit A hereto;

(b)     The Court refusing to approve the Settlement as set forth in this Settlement Stipulation or any material part of it;

(c)     The Court's declining to enter the Judgment in any material respect; or

(d)     The date upon which the Judgment is modified or reversed by the Court of Appeals or the Supreme Court in any material respect.

55.     Lead Plaintiffs shall also have the right to terminate this Settlement if Settling Defendants do not timely make (or cause to be made) the payments as provided in Paragraph 2 of this Settlement Stipulation, including the issuance of stock, subject to Settling Defendants' rights to cure any such failure to pay within ten (10) Business Days of receiving a written notice of deficiency from Lead Counsel.

56.     The Settling Defendants shall have the right to withdraw from and terminate the Settlement in its entirety, and to render the Settlement Stipulation null and void, in the event that the Court refuses to certify a Class for the purposes of settlement pursuant to Rule 23. In the event of this withdrawal and termination, the Settling Defendants shall not have any obligation whatsoever to proceed under any terms other than provided for and agreed to in this Settlement Stipulation. The election provided for in this paragraph must be made and communicated in writing to Lead Counsel within twenty (20) calendar days following denial of class certification for purposes of settlement.

## XII.   MISCELLANEOUS PROVISIONS

57.     The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and

302383.1

conditions of this Settlement Stipulation. Lead Counsel and Settling Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

58.     The Parties intend this Settlement Stipulation to be a final and complete resolution of all disputes that have arisen or could have arisen between them or among the Class Plaintiffs and the Class Members on the one hand, and the Settling Defendants and the Settling Defendants' Released Parties on the other hand, with respect to the matters alleged in the Complaint, and all claims that have been asserted or that could have been asserted by Class Plaintiffs and the Class Members against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims.

59.     The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties agree not to assert in any forum that the Actions were brought by Lead Plaintiffs or defended by any the Settling Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Actions, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.

60.     The Parties and their respective counsel agree to keep the information disclosed to them in connection with mediation and settlement negotiations confidential unless required to publicly disclose such information by applicable law, in which case written notice as to the

302383.1

content of any public communication shall be provided to all other Parties at least three (3) business days prior to disclosure. In the event any of the Parties wish to make a voluntary public disclosure regarding the Settlement, its terms, conditions or obligations (other than the fact that this case was resolved by Settlement), such Party shall provide advance notice to all other Parties as to the content of any such public communication at least three (3) Business Days prior to making such disclosure; provided that China Ceramics shall be permitted without further notice to make public disclosures of the fact that this case was resolved by Settlement, the financial terms of the Settlement (including the method of disposition of the Settlement Stock) and the releases provided by the Settlement.

61.     Except for the purposes of enforcing the Settlement, this Settlement Stipulation and Settlement, whether or not the Effective Date occurs or this Settlement Stipulation is terminated, any of its provisions, any negotiations, proceedings, or agreements relating to this Settlement Stipulation and Settlement, all matters arising in connection with such negotiations, proceedings, or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Settlement Stipulation or the Settlement:

(a)     Shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as evidence of a presumption, admission, or concession of any kind;

(b)     Shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as an admission, with respect to the truth of any fact alleged in the Complaint or the validity of any Released Plaintiffs' Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault or wrongdoing of the Settling Defendants;

(c)     Shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as a concession or evidence of, any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant and the Settling Defendants' Released Parties, or any of them;

(d)     Shall not be offered or received against Class Plaintiffs, the Class, Class Plaintiffs' Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity or invalidity of any of Released Settling Defendants' Claims, the infirmity or strength of any claims raised in the Actions, the truth or falsity of any fact alleged by Settling Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Actions;

(e)     Shall not be offered or received against Class Plaintiffs, the Class, and Class Plaintiffs' Released Parties, or each or any of them, or against Settling Defendants, Settling Defendants' Released Parties, or each or any of them, as evidence of any liability, negligence, fault, or wrongdoing as against any Parties to the Settlement Stipulation, in any other civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Stipulation and/or Settlement may be used in any proceeding as may be necessary to effectuate and enforce the provisions of this Settlement Stipulation. Moreover, if this Settlement Stipulation is approved by the Court, any Party, Settling Defendants' Released Parties, or Class Plaintiffs' Released Parties may file this Settlement Stipulation and/or Judgment or refer to this Settlement Stipulation and/or Judgment to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue

preclusion or similar defense or counterclaim under U.S. federal or state law or foreign law, or to otherwise effectuate the release of any and all released claims and other liability protections granted hereunder;

(f)      Shall not be construed against Class Plaintiffs, the Class, and Class Plaintiffs' Released Parties, or each or any of them, or against Settling Defendants, Settling Defendants' Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial;

(g)      Shall not be construed as or received in evidence as an admission or concession, or presumption against Class Plaintiffs, the Class, and Class Plaintiffs' Released Parties, or each and any of them, or against Settling Defendants, Settling Defendants' Released Parties, or each or any of them, that any of their claims or defenses are with or without merit or that damages recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund; and

(h)      Shall not, in the event of Termination, be used by any Party for any purpose in any trial in the Actions.

62.      The headings and captions used herein are used for the purpose of convenience only and are not meant to have legal effect and in no way define, limit, extend or describe the scope of this Settlement Stipulation or the intent of any provision hereof.

63.      The waiver by one party of any breach of this Settlement Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Stipulation.

64.      All of the Exhibits to this Settlement Stipulation are material and integral parts

hereof and are fully incorporated herein by this reference.

65.     This Settlement Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

66.     This Settlement Stipulation and the Exhibits annexed hereto constitute the sole and entire agreement among the Parties, and no representations, warranties, inducements, promises or agreements, oral or otherwise, have been made to any party concerning this Settlement Stipulation or its Exhibits other than those contained and memorialized in such documents. Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby. Except as otherwise provided herein, each Party shall bear its own fees and costs.

67.     Lead Counsel, with approval of Class Plaintiffs, on behalf of the Class, is expressly authorized by Class Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Settlement Stipulation on behalf of the Class that it deems appropriate.

68.     Each counsel or other Person executing this Settlement Stipulation, any of its Exhibits, or any related settlement documents on behalf of any Party hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Stipulation to effectuate its terms.

69.     This Settlement Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. This Settlement Stipulation may be executed by exchange of faxed or e-mailed (in .pdf format)

302383.1

executed signature pages, and any signature thereby transmitted shall be deemed an original signature for purposes of this Settlement Stipulation.

70.     This Settlement Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, parents, successors, and assigns of the Parties, the Settling Defendants' Released Parties, and the Class Plaintiffs' Released Parties, including any corporation, trust, partnership or other entity into which any Party heretofore has merged or with which it has been consolidated or hereafter may merge or consolidate.

71.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

72.     This Settlement Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York. The construction, interpretation, operation, effect and validity of this Settlement Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of New York without giving effect to that State's choice or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs.

73.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and the administration and consummation of the Settlement Stipulation embodied therein. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

74.     The Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Settlement Stipulation.

75.     All Parties agree that this Settlement Stipulation was drafted by counsel for the Parties in good faith and at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Settlement Stipulation was made or executed. This Settlement Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared or drafted by counsel for that Party. It is recognized that this Settlement Stipulation was the result of arm's length negotiations between counsel for the Parties.

76.     All Parties contributed substantially and materially to the preparation of this Settlement Stipulation.

77.     In the event that any one or more of the material provisions contained in this Settlement Stipulation shall for any reason be held to be invalid, illegal, or unenforceable in any respect, this Settlement Stipulation shall not be binding on a Party without the consent of such Party to the change resulting from such finding or holding.

78.     By making their application for approval of this Settlement Stipulation, Class Plaintiffs' Counsel and Settling Defendants' Counsel shall not be deemed to have waived any attorney-client privilege or other privilege, work product protection or other protection or immunity, and all information and documents transmitted between Class Plaintiffs' Counsel and Settling Defendants' Counsel in connection with the mediation and this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in

302383.1

accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

79.     Whenever this Settlement Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by facsimile, electronic mail, or next day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery, to the facsimile number or address, as the case may be, set forth below:

**If to Defendants, then to:**

Eugene R. Licker
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
Telephone:  (212) 407-4157
Facsimile:  (646) 219-7454

Thomas Patrick Battistoni
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, NY 10103
Telephone:  (212) 745-0877
Facsimile:  (212) 753-5044

**If to Class Plaintiffs, then to**:

Brian P. Murray
Gregory B. Linkh
**Glancy Prongay & Murray LLP**
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence Matthew Rosen
Phillip C. Kim
**The Rosen Law Firm, P.A. (NYC)**
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060

302383.1

Facsimile: (212)-202-3827

80.     All time periods set forth herein shall be computed in calendar days unless otherwise  expressly provided. In computing any period of time prescribed or allowed by this Settlement Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

81.     The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Stipulation.

302383.1

DATED:        July 22, 2015

By: _____
Brian P. Murray
(bmurray@glancylaw.com)
Gregory B. Linkh
(glinkh@glancylaw.com)
GLANCY PRONGAY & MURRAY LLP
122 East 42nd Street, Suite 2920
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

-and-

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy
(lglancy@glancylaw.com)
Robert Prongay
(rprongay@glancylaw.com)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Lead Counsel for Lead Plaintiffs Ramin
Siroosian and Shiva Siroosian*


THE ROSEN LAW FIRM, P.A.

By: _____
Phillip Kim
(pkim@rosenlegal.com)
Laurence M. Rosen (LR 5733)
275 Madison Ave., 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827

*Lead Counsel for Lead Plaintiff Mike
Banigan*

By: _____
Eugene R. Licker
(elicker@loeb.com)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4157
Facsimile: (646) 219-7454

*Counsel for Defendants Paul K. Kelly,
William L, Stulginsky*

By: _____
(rdemartino@schiffhardin.com)
SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, NY 10103
Telephone: (212) 745-0877
Facsimile: (212) 753-5044

*Counsel for Defendant China Ceramics Co.,
Ltd.*

302383.1

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT POLLOCK, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>        v.<br><br>HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY AND SU WEI FENG, SHEN CHANG LIANG, JIANWEI LIU AND CHINA CERAMICS CO. LTD.,<br><br>               Defendants. | No. 1:14-cv-04100 (VSB)<br>ECF Case |
| ROGER ARTINOFF, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>        v.<br><br>CHINA CERAMICS CO. LTD., HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY and SU WEI FENG,<br><br>               Defendants. | No. 1:14-cv-04312 (VSB)<br>ECF Case |

[*Captions Continue on Next Page*]


## [PROPOSED] PRELIMINARY APPROVAL ORDER

| | |
|---|---|
| RICHARD FINLAYSON, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>HUANG JIA DONG, SU PEI ZHI, HEN MAN EDMUND, DING WEI DONG, PAUL K. KELLY, CHENG YAN DAVIS, WILLIAM L. STULGINSKY AND SU WEI FENG, JIANWEI LIU and CHINA CERAMICS CO. LTD.,<br><br>        Defendants. | No. 1:14-cv-04997 (VSB)<br>ECF Case |

WHEREAS, (i) Lead Plaintiffs, Ramin Siroosian, Shiva Siroosian, and Mike Banigan ("Class Plaintiffs" or "Lead Plaintiffs"), and (ii) China Ceramics Co. Ltd., Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu (collectively "Settling Defendants" or "Defendants")[1] have agreed to settlement of all claims asserted in the Class Action against all of the Settling Defendants;

WHEREAS, that Settlement was entered into through an Amended Stipulation of Settlement, dated as of July 22, 2015 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaints filed in the Actions on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation, the proposed Notice, the proposed Summary Notice, the proposed Proof of Claim and Release, and the proposed Final Judgment, and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

---

1 Lead Plaintiffs, on behalf of themselves and the Class, and Defendants are collectively referred to as the "Parties".

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2015, that:

1.      All capitalized terms used herein shall have the same meaning as in the Stipulation.

2.       The above-captioned actions are consolidated into the action styled *In re China Ceramics Co. Ltd. Securities Litigation*, No.1:14-cv-04100 (VSB). The complaint filed in *Pollock v. Dong*, No. 14-cv-04100 (VLC) shall serve as the operative complaint for purposes of this Settlement.

3.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Actions against the Settling Defendants are hereby preliminarily certified as a class action on behalf of all persons who purchased China Ceramics Co., Ltd. common stock from March 30, 2012, through May 1, 2014, inclusive, and were purportedly damaged thereby.  Excluded from the Settlement Class are: (1) the Settling Defendants, officers and directors of China Ceramics, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which a China Ceramics Defendant has or had a controlling interest; (2) all current and former partners or accounting personnel of the Settling Defendants that were employed by the Settling Defendants during the Class Period, their immediate families, their heirs, successors, or assigns, and any entity controlled or owned by any such person; (3) any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Actions or otherwise alleged, asserted, or contended in the Actions;  (4) those persons who file valid and timely requests for exclusion in

accordance with the Order; and (5) those persons who have no compensable damages.

4.      This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class.

6.      A hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Settlement Hearing") is hereby scheduled to be held before this Court on _____, 2015, at _____ .m. for the following purposes:

(a)      to finally determine whether the Actions satisfy the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for purposes of settlement;

(b)      to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court;

(c)     to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing all claims in the Complaints against all of the Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Settling Defendants' Released Parties, as set forth in the Stipulation, should be ordered;

(d)     to determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved by this Court;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses and reimbursement awards to Lead Plaintiffs; and

(f)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Judgment approving the Stipulation and dismissing the claims in the Complaints as to the Defendants, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or reimbursement awards to Lead Counsel and Lead Plaintiffs.

8.     The Court approves the form, substance, and requirements of: (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim and Release.

9.     Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the members of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement of Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     The Court approves the appointment of Strategic Claims Services as the Claims

  -- 

Administrator, and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement, not to exceed $75,000 without further Court order.

11.     Within 5 days of entry of this Order, Defendants are to arrange for China Ceramics or its transfer agent to provide the Settlement Administrator the names of all registered holders of China Ceramics securities and those who purchased or sold at times relevant hereto.

12.     Within 20 days of entry of this Order, the Settlement Administrator shall:

(a)     cause to be mailed, to all Persons who purchased China Ceramics common stock during the Class Period, the Notice and a Proof of Claim and Release substantially in the forms submitted herewith. The Settlement Administrator shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased China Ceramics during the Class Period. Such nominee purchasers are hereby directed to forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Settlement Administrator with lists of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Settlement Administrator shall cause the Notice and Proof of Claim and Release to be mailed to such beneficial owners. Additional copies of the Notice and Proof of Claim and Release shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners;

(b)     cause the Notice and Proof of Claim and Release substantially in the forms submitted herewith to be posted on the Settlement Administrator's website; and

(c)     cause the Summary Notice to be published once over Business Wire;

13.     At or before the Settlement Hearing, Lead Counsel shall file with this Court, and

serve upon counsel for the Settling Defendants, an affidavit(s) describing the Settlement Administrator's efforts to provide notice to Settlement Class Members and compliance with the specific requirements set forth above. Further, Lead Counsel shall file with this Court, and serve upon counsel for the Settling Defendants, proof of publication of the Summary Notice.

14.     The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitutes the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

15.     To share in the net proceeds of the Settlement in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly executed Proof of Claim and Release, substantially in the form submitted as Exhibit 3 to the Stipulation, shall be submitted, by first class mail, postage prepaid, postmarked no later than _____, 2015, to the Post Office Box address listed in the Notice. Such deadline may be further extended by Order of this Court.  Each Proof of Claim and Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail) provided it is actually received before the filing of a motion for an Order of the Court approving distribution of the Net

Settlement Fund. Any Proof of Claim and Release submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)    The Proof of Claim and Release submitted by the Settlement Class Member must:  (i) be fully and properly completed, without any material deletions or modifications of any form provided to the Settlement Class Member; (ii) state, for the Settlement Class Member, all purchases of China Ceramics shares during the Class Period, including the number and price of the shares purchased and the date of each purchase, the number and price of shares sold during the Class Period; (iii) be accompanied by adequate documentation to demonstrate the transaction(s) reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iv) be executed under penalty of perjury; and (v) be accompanied, if the person executing the Proof of Claim and Release is acting in a representative capacity, by a certification of the executor's current authority to act on behalf of the Settlement Class Member.

(c)    Once the Settlement Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Settlement Administrator, shall determine, based upon the Plan of Allocation, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Settlement Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

8

(d)      As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

16.      Settlement Class Members shall be bound by all determinations and judgments in the Actions, whether or not they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the net proceeds of the Settlement, unless such Person(s) request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided:

(a)      A person eligible to be a Settlement Class Member, but who wishes to be excluded from the Settlement Class, may request exclusion by mailing the request in written form, by first class mail, postage prepaid, postmarked no later than twenty-one (21) days prior to the Settlement Hearing to the Post Office Box address listed in the Notice. However, a Class Member may submit a written revocation of a Request for Exclusion up until two (2) days prior to the date of the Settlement Hearing and receive payments pursuant to this Settlement Stipulation and Settlement provided the Class Member also timely submits a valid Proof of Claim;

(b)      The request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender specifically requests to be excluded from the Settlement Class;

(c) The request for exclusion shall be executed, under penalty of perjury, by the person requesting exclusion from the Settlement Class, and accompanied, if said person is acting in a representative capacity, by a certification of the person's current authority to act on behalf of the person requesting exclusion from the Settlement Class;

(d)      The request for exclusion shall state, for the Settlement Class Member, all purchases of China Ceramics common stock during the Class Period, including the

number and price of the shares or options purchased and the date of each purchase, the number and price of shares sold during the Class Period and the date of each sale (or exercise of options); and

      (e)    It is also requested that such persons provide their telephone number or other contact information.

The request for exclusion shall not be effective unless the potential Settlement Class Member provides the required information set forth in this ¶ 16, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.    Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement as described in the Notice.

18.    The Court will consider objections by a Settlement Class Member to the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, and any request by Lead Plaintiffs for a reimbursement award, *only* if the Settlement Class Member has timely submitted a complete, executed Proof of Claim and Release, including all documentation required by ¶ 16 of this Order. Objections by Settlement Class Members or any other authorized person or governmental entities shall be submitted in accordance with the following procedures:

      (a)    Objections must be served on Lead Counsel and Settling Defendants and filed with the Court by no later than twenty-one (21) days before the Settlement Hearing, at the addresses provided below, and must contain a statement of objection(s); provided however, that a potential Class Member who requests to be excluded from the Class shall not be able to submit an objection;

      (b)    Objections must state whether the Class Member is a Class Member;

which part of the Settlement the Class Member objects to; the specific reason(s), if any, for each such, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.

(c)     Objectors need not attend the Settlement Hearing to have their objections considered by the Court. If the Objector intends to appear at the Settlement Hearing, the Objector must provide, in the written Objection, notification of his or her intent to appear;

(d)     Objections must identify any witnesses the objector intends to call to testify at the Settlement Hearing, and any exhibits the objector intends to introduce into evidence at the Settlement Hearing; and

(e)     Objections must include a signed statement that the documents filed with the Clerk of Court were served, on or before the date of filing, by first class mail, postage prepaid, on each of the following:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312

Eugene R. Licker
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4157
Facsimile:  (646) 219-7454

Thomas Patrick Battistoni
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, NY  10103
Telephone:  (212) 745-0877
Facsimile:  (212) 753-5044

*Counsel for Defendants*

Brian P. Murray
Gregory B. Linkh
Glancy Prongay & Murray LLP
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm, P.A. (NYC)
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

*Counsel for Lead Plaintiffs*

Settlement Class Members who do not object to the Settlement, the Plan of Allocation, the potential request by Lead Counsel for an award of attorneys' fees and expenses, or the potential request by Lead Plaintiffs for an award of fees, or who merely wish to submit comments as opposed to objections to the same, do not need to appear at the Settlement Hearing.

19.     Any objector, whether a Settlement Class Member or any other authorized person or governmental entity, who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, or any request by Lead Plaintiffs for reimbursement awards.

20.     The Court reserves the right to continue or adjourn the Settlement Hearing without any further notice other than an announcement prior to or at the Settlement Hearing, and to approve the Settlement without further notice to the Settlement Class.

21.     All papers in support of the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, and any request by Lead Plaintiffs for reimbursement awards shall be filed and served thirty (30) calendar days before the Settlement Hearing. Supplemental papers, including, but not limited to, a response to an objection or the information described in paragraph 13 above, shall be filed and served by Lead Counsel seven (7) calendar days before the Settlement Hearing.

22.     The Settling Defendants shall have no responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants of the truth of any of the allegations in the Actions, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss.

24.     In the event that the Settlement shall not be consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any party, and each party shall be restored to his, her, or its respective position as it existed prior to the date of the Settlement.

25.     The District Court retains jurisdiction over the Actions to consider matters arising out of, or connected with, the Settlement.

SO ORDERED:

Dated: _____, 2015


_____
U.S.D.J.


45941-0001
DC\81287649.1

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHINA CERAMICS CO. LTD.<br>SECURITIES LITIGATION | No. 1:14-cv-04100 (VSB)<br>ECF Case |

## NOTICE OF PENDENCY AND
## <u>SETTLEMENT OF CLASS ACTION</u>

If you purchased of China Ceramics Co., Ltd. ("China Ceramics" or the "Company") common stock during the period from March 30, 2012, through and including May 1, 2014 ("Class Period") you could get a payment from a class action settlement (the "Settlement").

### *A federal court has authorized this notice.*

If approved by the Court, the settlement will provide $310,000 in cash and $540,000 worth of shares of China Ceramics common stock (the "Settlement Amount"), to pay claims of investors who purchased China Ceramics common stock during the period from March 30, 2012, through and including May 1, 2014 ("Class Period").
.

- The Settlement represents an average recovery of $0.04 per share of China Ceramics common stock for the approximately 20,400,000 shares outstanding (and not owned by entities excluded from the Settlement) as of May 1, 2014, the end of the Class Period. This estimate reflects the *average* recovery per outstanding share of China Ceramics common stock should all eligible class members file a claim to participate in the Settlement. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold China Ceramics stock, and the total number and amount of claims filed by all class members who purchased shares eligible for recovery (some affected shares may have changed hands more than once during the Class Period).

- Attorneys for the Lead Plaintiffs ("Co-Lead Counsel") intend to ask the Court to award them fees of $283,333 or one-third of the Settlement Amount (in a combination of cash and stock similar to their proportions of the Settlement Fund), reimbursement of litigation expenses of no more than $50,000, and will also seek an award to the three Lead Plaintiffs not to exceed $1,500 each. Collectively, the attorneys' fees and expenses are estimated to average $0.6 per share of China Ceramics common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees, expenses, and awards (if any) approved by the Court, is an average of $0.09 per share of China Ceramics common stock. This estimate is based on the assumptions set forth in the first bullet point. Your actual recovery, if any, will vary depending on your purchase price and sales price, and the number and amount of claims filed.

- The Settlement resolves the lawsuit concerning whether China Ceramics and certain of its officers and directors made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Complaints, including that China Ceramics misrepresented that its internal control over its financial reporting was effective and also that the Company's consolidated financial statements were fairly

stated, despite the identification of a material weakness. Defendants China Ceramics, Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, and Su Wei Feng (collectively, "Defendants") deny all allegations of misconduct.

- **Your legal rights will be affected whether you act or do not act**.  If you do not act, you may permanently forfeit your right to recover on this claim.  Therefore, you should read this notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN** _____ | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN** _____ | Get no payment.  This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** _____ | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON** _____ | Speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**INQUIRIES**

**Please do not contact the Court regarding this notice.**  All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

Strategic Claims Services
225 State Road
Media, PA 19063
Tel: 610-891-9852
info@strategicclaims.net

**or**

4

THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Tel.:  212-686-1060
Fax:  212-202-3827
info@rosenlegal.com

**or**

GLANCY PRONGAY AND MURRAY LLP
122 EAST 42nd Street, Suite 2920
New York, NY 10168
Tel: 212-682-5340
Fax: 212-884-0988
bmurray@glancylaw.com
glinkh@glancylaw.com

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.      Why did I get this Notice?**

You or someone in your family may have purchased China Ceramics common stock during the Class Period.

**2.      What is this lawsuit about?**

Three cases have been filed against China Ceramics and certain of its officers and directors: 1) *Pollock v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04100; 2) *Artinoff v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04312; and 3) *Finlayson v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04997, and have been consolidated into *In re China Ceramics Co. Ltd. Securities Litigation*, Case No. 1:14-cv-4100 (VLB) (collectively, the "Litigation").  The Court in charge of the Litigation is the United States District Court for the Southern District of New York.

The Class Action involves whether the Defendants violated the federal securities laws because the Company allegedly made false and misleading statements to the investing public as set out in the complaint, including that: (1) China Ceramics' internal control over its financial reporting was effective; and (2) China Ceramics' consolidated financial statements were fairly stated, despite the identification of a material weakness.  The Defendants deny they did anything wrong.  The Settlement resolves all of the claims in the Class Action against the Defendants.

**3.      Why is this a class action?**

In a class action, one or more persons and/or entities, called Lead Plaintiffs, sue on behalf of all persons and/or entities who have similar claims.  All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members.  One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

**4.      Why is there a Settlement?**

Lead Plaintiffs and the Defendants do not agree regarding the merits of Lead Plaintiffs' allegations with respect to liability or the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim.  The issues on which the Lead Plaintiffs and the Defendants disagree include:  (1) whether the Defendants made false and misleading statements or omitted to state certain facts; (2) whether the Defendants made these statements or omitted to state certain facts with the intent to defraud the investing public; (3) whether the statements or omissions were the cause of the Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or the Defendants.  Instead, Lead Plaintiffs and the Defendants have agreed to

settle the Class Action.  Lead Plaintiffs and Co-Lead Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants.  Even if Plaintiffs win at trial, and also withstand any challenge on appeal, Plaintiffs might not be able to collect some, or all, of the judgment.

**5.     How do I know if I am part of the Class settlement?**

To be a Class Member, you must have purchased China Ceramics common stock during the period from March 30, 2012, through and including May 1, 2014.

**6.     Are there exceptions to being included?**

Yes.  Excluded from the Class are the Settling Defendants, officers and directors of China Ceramics, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which a China Ceramics Defendant has or had a controlling interest; all current and former partners or accounting personnel of the Settling Defendants that were employed by the Settling Defendants during the Class Period, their immediate families, their heirs, successors, or assigns, and any entity controlled or owned by any such person. Also excluded from the Settlement Class are those persons who have no compensable damages (i.e., those who sold prior to a corrective disclosure).   Also, if you properly exclude yourself from the Class, as described below, you are not a part of the Class.

**7.     What does the Settlement provide?**

**a.     What is the Settlement Fund?**

The proposed Settlement calls for the Defendants to create a Settlement Fund (the "Settlement Fund") consisting of $310,000 in cash and $540,000 in China Ceramics common stock (which the Claims Administrator shall convert to cash before distribution).[1]  The Settlement is subject to Court approval.  Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay Lead Plaintiffs' attorneys' fees and reasonable litigation expenses and any award to Lead Plaintiffs.  A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and any notice and claims administration expenses permitted by the Court.  After the foregoing deductions from the Settlement Fund have been made, the

---

[1] The estimated average recovery per damaged share of China Ceramics common stock under the Settlement is approximately $0.15 ($850,000 divided by 5.8 million damaged shares) before deduction of Court-awarded attorneys' fees and expenses.  A damaged share may have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.  This estimated average amount assumes that all Class members will submit timely, valid claims seeking a payment from the Net Settlement Fund. The number of Class members who submit claims varies widely from case to case, and is often less than 100%.  If not all Class members submit claims, your actual recovery could be more than the estimated average amount.  If the Court approves Lead Counsel's fee and expense application, the average cost of recovery per damaged share is $0.09

amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.     What can you expect to receive under the proposed Settlement?**
Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold China Ceramics common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Plaintiffs, if any, and to Co-Lead Counsel for attorneys' fees, costs, and expenses.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim.  **Please Note**:  The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash. In no event will any Authorized Claimant receive more than their recognized claim.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum

check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## <u>THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM</u>:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  Recognized Claims will be calculated for those shares of China Ceramics common stock purchased during the period March 30, 2012 and May 1, 18, 2014, inclusive (the "Class Period").

A claimant's Recognized Claim will be calculated as follows:

1. **For shares of common stock purchased between March 30, 2012 and November 12, 2013, inclusive:**

   A.   For shares retained at the end of trading on May 1, 2014 the Recognized Claim shall be the lesser of:

      (1) $.68 per share; or

      (2) the difference between the purchase price per share and $.99.[2]

   B.   For shares sold between March 30, 2012 and November 12, 2013, inclusive, the Recognized Claim shall be zero.

   C.   For shares sold between November 13, 2013 and May 1, 2014, inclusive, the Recognized Claim shall be the lesser of:

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  China Ceramics was halted from trading from May 1, 2014 to August 6, 2014. $.99 was the mean (average) daily closing trading price of China Ceramics common stock during the 90-day period beginning on August 7, 2014 and ending on November 4, 2014.

(1) $.37 per share; or
(2)the difference between the purchase price per share and the sales price per share for each share sold.

**2.      For shares of common stock purchased between November 13, 2013 and May 1, 2014, inclusive:**

A.      For shares retained at the end of trading on May 1, 2014, the Recognized Claim shall be the lesser of:

(1) $.31 per share; or

(2)the difference between the purchase price per share and $.99.

B.      For shares sold between November 13, 2013 and May 1, 2014, inclusive, the Recognized Claim shall be zero.

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in China Ceramics shares during the Class Period, the value of the Recognized Claim will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in China Ceramics shares during the Class Period, but that trading loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Claim, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of China Ceramics shares shall not be deemed a purchase, acquisition or sale of China Ceramics shares for the calculation of an Authorized Claimant's Recognized Claim. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Claim, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order.  Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases and acquisitions of China Ceramics shares during the time period March 30, 2012 through and including May 1, 2014.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants.  No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Amended Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form.  All persons involved in the review,

verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Cash Settlement Amount shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Cash Settlement Amount, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

### c.    Are there any further limitations on the amount I may receive?

i)    To the extent there are sufficient funds in the Net Settlement Fund, each Class Member with a Recognized Loss that satisfies the requirements approved by the Court ("Authorized Claimant") will receive an amount equal to the Authorized Claimant's Recognized Loss described above. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

ii)    For Class members who conducted multiple transactions in China Ceramics common stock during the Class Period, the earliest subsequent sale shall be matched first against those shares in the Claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period (this is called the "first-in-first-out or FIFO method).

iii)    Transactions during the Class Period resulting in a gain shall be netted against the Class Members transactions resulting in a loss to arrive at the Recognized Loss.

iv)    Any Class members whose collective transactions in China Ceramics common stock during the Class Period resulted in a net gain shall not be entitled to share in the Net Settlement Fund.

v)    The purchase and sales prices exclude any brokerage commissions, transfer taxes or other fees.

vi)    If a claimant's actual trading loss is less than his/her/its Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss. A Recognized Loss that calculates to yield a negative number is treated as a Recognized Loss of zero.

vii)    The date of a purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

viii) The covering purchase of a short sale is not an eligible purchase.  Gifts and  transfers are not eligible purchases.

**8.      How can I get a payment?**

To qualify for a payment, you must send a form entitled "Proof of Claim and Release" to the Claims Administrator.  This claim form is attached to this Notice.  You may also obtain a claim form on the Internet at www.strategicclaims.net.  Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than _____ __, 2015, to:


The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

**9.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class.  That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue or be part of any other proceeding) all claims against the Defendants and all entities owned, affiliated or controlled by them, their past or present directors, officers, employees, partners, members, affiliates, predecessors, successors, parents, subsidiaries, divisions, joint ventures, principals, agents, attorneys, auditors, accountants, trustees, advisors, consultants, underwriters, investment bankers, insurers, reinsurers, assigns, spouses, heirs, executors, personal representatives, associates, related or affiliated entities, any members of their Immediate Families, marital communities, or any trusts for which they are trustee, settler or beneficiary, and anyone acting or purporting to act for or on behalf of any of them or their successors ("Settling Defendants' Released Parties") in connection with your acquisition of China Ceramics Stock during the Class Period, except that you do not release the Settling Defendants' Released Parties from any claim or action to enforce the Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.  If you sign the claim form, you are agreeing to its "Release of Claims," which will bar you from ever filing a lawsuit against any of the Settling Defendants' Released Parties to recover losses from the acquisition or sale of China Ceramics common stock during the Class Period, except to enforce the Settlement.  That means you will accept your share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of China Ceramics common stock during the Class Period.

**10.     How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or otherwise prosecute claims against the Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get

out of the Settlement.  This is called excluding yourself from – or "opting out" of – the Settlement.  To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member from the following three cases: 1) *Pollock v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04100; 2) *Artinoff v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04312; and 3) *Finlayson v. China Ceramics Co., Ltd, et al.*, Case No. 14-cv-04997.  Be sure to include your name, address, telephone number and your signature, along with an accurate list of all of your purchases and sales of China Ceramics common stock.  You must mail your exclusion request, postmarked no later than _____ __, 2015, to:

Strategic Claims Services
225 State Road
Media, PA 19063
Tel: 610-891-9852
info@strategicclaims.net

You cannot exclude yourself by telephone or by e-mail.  If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement.  If you ask to be excluded, you will not be legally bound by anything that happens in this Class Action.

**11.     If I do not exclude myself, can I bring claims against the Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue or otherwise prosecute the Defendants for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case.

**12.     Do I have a lawyer in this case?**

The Court has preliminarily certified this action as a class action and has appointed Co-Lead Counsel to represent all members of the Settlement Class.  You will not be charged for the services of these lawyers.  You may contact Co-Lead Counsel as follows:

Brian P. Murray
Gregory B. Linkh
Glancy Prongay & Murray LLP
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm P.A. (NYC)
275 Madison Avenue, 34th Floor

New York, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

You have the right to retain your own lawyer to represent you in this case, but you are not obligated to do so.  If you do hire your own lawyer, you will have to pay his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer.

**13.      How will the lawyers be paid?**

Co-Lead Counsel has not been paid any attorneys' fees to date.  Co-Lead Counsel has prosecuted this action on a contingent fee basis and has paid for all of the expenses of the litigation themselves. Co-Lead Counsel has done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation.  Co-Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.  Therefore, Co-Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed $283,333 (in a combination of cash and stock similar to their proportions of the Settlement Fund), for reimbursement of reasonable litigation expenses not to exceed $50,000 and may also seek an award to each of the Lead Plaintiffs in amounts not to exceed $1,500 each.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Settlement Fund.

**14.      How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and expenses, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in In re China Ceramics Co. Ltd. Securities Litigation, No. 1:14-cv-4100 (VLB). Class members who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of China Ceramics common stock to demonstrate your membership in the Class, and all of the reasons you object to the Settlement.  Be sure to mail the objections to the five different places listed below so that they are received no later than _____ __, 2015, to ensure the Court will consider your views:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312

Eugene R. Licker
Loeb & Loeb LLP
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4157
Facsimile:  (646) 219-7454

Thomas Patrick Battistoni
Schiff Hardin LLP
666 Fifth Avenue, 17th Floor
New York, NY  10103
Telephone:  (212) 745-0877
Facsimile:  (212) 753-5044

*Counsel for Defendants*

Brian P. Murray
Gregory B. Linkh
Glancy Prongay & Murray LLP
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm P.A. (NYC)
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

*Counsel for Lead Plaintiffs*


**15.   What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class.  Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement.  If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**16.   When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2015, at ____ _.m., in a courtroom before the Honorable Vernon S. Broderick, United States District Judge for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007-1312. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also rule upon whether the Plan of Allocation is fair and reasonable and decide how much to pay Co-Lead Counsel for attorneys' fees and expenses.

**17.     Do I have to come to the hearing?**

No. Co-Lead Counsel will answer any questions the Court may have about the proposed Settlement, the Plan of Allocation and the attorneys' fees, expenses and Lead Plaintiff awards requested. However, you are welcome to attend at your own expense. If you timely send an objection, you do not need to personally appear at the hearing to have that objection considered by the Court. However if you object and wish to appear at the hearing, you must provide notification that you wish to appear at the hearing in your written objection.

**18.     What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Defendants about the claims made in this case ever again.

**19.     How can I get more information?**

You can get more information by contacting the Claims Administrator at ___-___-____. A copy of the Amended Stipulation and Agreement of Settlement that has been filed with the court and related documents can be found on the Claims Administrator's website at strategicclaims.net. Copies of Lead Plaintiffs' motion(s) for final approval of the Settlement, Plan of Approval, and for attorneys' fees, expenses, and Lead Plaintiff awards, will be posted on the Claim Administrator's website promptly after they have been filed with the Court.

DATED: _____, 2015.

                                        BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE
                                        SOUTHERN DISTRICT OF NEW YORK

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE CHINA CERAMICS CO. LTD.
SECURITIES LITIGATION

No. 1:14-cv-04100 (VSB)
ECF Case

## PROOF OF CLAIM AND RELEASE

ALL CLAIMANTS (PERSONS OR ENTITIES WHO PURCHASED SHARES OF THE COMMON STOCK OF CHINA CERAMICS CO., LTD. ("CHINA CERAMICS" OR THE "COMPANY") DURING THE PERIOD MARCH 30, 2012 THROUGH MAY 1, 2014, INCLUSIVE (THE "CLASS PERIOD")) ARE URGED TO READ THE NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION (THE "NOTICE") ACCOMPANYING THIS PROOF OF CLAIM AND RELEASE.

## I. **INSTRUCTIONS**

A. To recover as a Settlement Class Member based on your claims in the above litigation (the "Actions"), you must have purchased shares of China Ceramics common stock between March 30, 2012 and May 1, 2014, both dates inclusive. You must not be a person who is excluded from the Class, as is defined in the Notice. You also must not be a person who requested to be excluded from the Class. If you are a Class member and not one of the excluded persons, and wish to participate in the proposed settlement ("Settlement") of the Actions, you must complete and sign this Proof of Claim and Release ("Proof of Claim"). If you fail to file a properly addressed and fully completed Proof of Claim, or fail to provide required documentation, your claim may be rejected and you may be precluded from any recovery from the proposed Settlement.

B. YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, **2015** TO:

Strategic Claims Services
225 State Road
Media, PA 19063

C. If you are a Settlement Class Member and did not request exclusion, you will be bound by the terms of any judgment entered in the Actions in connection with the Settlement WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II.  CLAIMANT IDENTIFICATION INSTRUCTIONS

A. If you purchased China Ceramics common stock and registered the certificate in your name, you are the beneficial owner as well as the record purchaser. If, however, you purchased China Ceramics common stock and the certificate was registered in the name of a third party, such as your stock broker or some other nominee or trustee, you are the beneficial owner even though the third party is the record purchaser listed on China Ceramics' records.  Proceeds of this Settlement will be distributed to Class members who are beneficial owners of China Ceramics common stock.

B. Use Section IV of this form, entitled "Claimant Identification Schedule," to identify yourself and each owner of record, such as your stock broker, if different from the beneficial owner, of China Ceramics common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S), OF THE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

C. All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and must identify each beneficial owner or owners for whom they are acting; proof of their authority must accompany this claim and their titles or capacities must be stated.

D.  The Social Security (or Taxpayer Identification) number and telephone number of the beneficial owner must be provided.

E.  Failure to provide the foregoing information could delay verification or result in the rejection of the claim.

## III.  <u>INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS</u>

A.  Use Section V of this form, entitled "Schedule of Transactions," to supply all required details of your transactions (purchases and sales) in China Ceramics common stock that took place during the period from March 30, 2012 through May 1, 2014, inclusive.

B.  If you need more space, attach separate, numbered sheets giving all of the required information in substantially the same form. Print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.

C.  On the schedules, provide all of the requested information with respect to all of your purchases and sales of China Ceramics common stock that took place at any time during the Class Period, whether such transactions resulted in a profit or a loss.

D.  The failure to report all such transactions may result in the rejection of your claim.

E.  List each transaction during the Class Period separately and in the order in which they took place, *by trade date*, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list, as well as the purchase and/or sales price, excluding commissions, taxes, and other fees. If you do not have this information, your broker may be able to help you find it.

F.  China Ceramics common stock acquired or disposed of for any consideration other than, or in addition to, cash must be reported as having been acquired or disposed of.

4

G.    COPIES OF BROKER'S CONFIRMATIONS, BROKER'S ACCOUNT STATEMENTS, OR OTHER ACCEPTABLE DOCUMENTATION OF YOUR TRANSACTIONS IN CHINA CERAMICS COMMON STOCK MUST BE ATTACHED TO YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS, INCLUDING SHARES OF STOCK. If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies. A complete list of acceptable supporting documentation can be found on the website: www.strategicclaims.net.

H.  Any claims submitted that contain more than 50 transactions during the Class Period are requested to be filed electronically and to provide all the purchase and sale information required in the Schedule of Transactions. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator: (1) at the website address above, and click on China Ceramics Securities Litigation; (2) by phone at _____, or (3) by fax at _____.

## IV.  CLAIMANT IDENTIFICATION SCHEDULE

Claims must be received by the Claims Administrator postmarked no later than _____, 2015.

5

**Please Type or Print**

*Please Type or Print*

_____

Beneficial Owner's Name (as it appears on your brokerage statement)

_____

Joint Beneficial Owner's Name (as it appears on your brokerage statement)

_____

Street Address

_____        _____    _____

City                                     State         Zip Code

_____        _____

Foreign Province                         Foreign Country

_____   *or*   _____

Social Security Number                   Taxpayer Identification Number

(_____)  _____(Day)     (_____)  _____(Evening)

Area Code   Telephone Number             Area Code   Telephone Number

(_____)  _____          _____

Area Code   Facsimile Number             E-Mail Address

_____

Record Owner's Name and Address (if different from beneficial owner listed above)


**Specify one of the following.**

Claimant holder of China Ceramics Common Stock is:

_____ A.   <u>Individual Claimant</u>: I am a claimant acting in my own interest, and am the sole owner of the shares.

_____ B.   <u>Joint Claimants</u>: We are claimants acting jointly.

6

_____ C.    <u>Corporate Claimant</u>: I am the _____ of _____, a corporation whose address is _____. I am authorized to make this claim on behalf of the corporation. The corporation is the owner of the shares.

_____ D.    <u>IRA Claimant</u>: I am a claimant acting on behalf of my IRA. The shares are held in my IRA.

_____ E.    <u>Partnership Claimant</u>: I am a partner of _____, a partnership whose business address is _____.
I am authorized to make this claim on behalf of the partnership. The partnership is the owner of the shares.

_____ F.    <u>Decedent's Estate Claimant</u>: I am the <u>executor</u> or the <u>administrator</u> (circle which) of the estate of _____, whose last address was _____. (Valid proof of authority must accompany this claim.)

_____ G.    <u>Trust Claimant</u>: I am a trustee of _____, a trust authorized under the laws of _____. I am authorized to make this claim on behalf of the trust.  The trust is the owner of the shares.

_____ H.    <u>Custodial or Guardian Claimant</u>: I am the <u>custodian</u> or the <u>guardian</u> (circle which) for _____ whose address is _____.
(Valid proof of authority must accompany this claim.)

_____ I.    <u>Other</u>:  (Specify) _____


## V.  <u>SCHEDULE OF TRANSACTIONS IN CHINA CERAMICS SECURITIES</u>

A. State the total number of shares of China Ceramics common stock owned at the close of trading on March 29, 2012, long or short (*must be documented; see III above, Instruction G*):

_____

B. Separately list each and every purchase of China Ceramics common stock during the period March 30, 2012 **through** May 1, 2014, inclusive, and provide the following information (*must be documented; see III above, Instruction G*):

| Trade Date (*list chronologically*) Month/Day/Year | Number of Shares Purchased | Total Cost (*excluding commissions, fees & taxes*) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C. Separately list each and every sale of China Ceramics common stock during the period March 30, 2012 **through** May 1, 2014, inclusive, and provide the following information (*must be documented; see III above, Instruction G*):

| Trade Date (*list chronologically*) Month/Day/Year | Number of Shares Sold | Net Proceeds (*excluding commissions, fees & taxes*) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

D. State the total number of shares of China Ceramics common stock you still owned at the close of trading on May 1, 2014, long or short (*must be documented; see III above, Instruction G*):

_____

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**YOU MUST ALSO READ AND SIGN THE RELEASE ON PAGE 12.**

**IMPORTANT: FAILURE TO ATTACH SUPPORTING DOCUMENTATION MAY PREVENT YOU FROM RECEIVING ANY DISTRIBUTION UNDER THE SETTLEMENT**

## VI. SUBMISSION TO JURISDICTION OF COURT

I/we submit this Proof of Claim under the terms of the Amended Stipulation And Agreement Of Settlement ("Stipulation"). I/we also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my/our claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I/we agree to furnish additional information to Co-Lead Counsel to support this claim if requested to do so. I/we authorize China Ceramics or any brokerage house with whom I/we transacted business to release to Co-Lead Counsel, or their designee, upon their request and without notice to me/us, any and all information relating to any purchase or sale of China Ceramics common stock by me/us during the Class Period.

## VII. RELEASE

A.  I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge any and all Released Plaintiffs' Claims (as defined below) against any and all of the Defendants (as defined below) and the Settling Defendants' Released Parties (as defined below). I/we agree not to pursue such claims, either in the United States or in any foreign jurisdiction.

B.  "Released Plaintiffs' Claims" means any and all claims (including "Unknown Claims" as defined in Paragraph D), debts, rights, demands, disputes, suits, matters, damages, losses, restitution, judgments, obligations, issues, liabilities, allegations of liability, or causes of action of any kind, nature, and character whatsoever (including but not limited to any claims for

9

damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature (collectively, "Claims"), including both known Claims and Unknown Claims, (i) that were asserted or could have been asserted against any of the Settling Defendants' Released Parties or in any of the Actions, (ii) that would have been barred by *res judicata* had any of the Actions been fully litigated to a final judgment, or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any Class Member against any of the Settling Defendants' Released Parties that arise out of, are based upon, or are related to the facts alleged in the Complaints or their purchase, acquisition, sale or disposition of China Ceramics common stock during the Class Period; *provided, however*, that the term "Released Plaintiffs' Claims" shall not include claims to enforce the Settlement.

C. "Released Settling Defendants' Claims" means all claims, demands, rights, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Class Plaintiffs, Lead Counsel and their Released Parties, arising out of the institution, prosecution, settlement or resolution of any of the Actions, provided however, that Settling Defendants and Settling Defendants' Released Parties shall retain the right to enforce the terms of the Stipulation.

10

D.   "Unknown Claims" means any and all Released Plaintiffs' Claims and Released Settling Defendants' Claims of every nature and description that Class Plaintiffs, any Class Member, and the Settling Defendants, and each and every one of them, does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed, concealed or hidden. Notwithstanding the choice of law provisions in this Stipulation, upon the Effective Date, the Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in their or her favor at the time of executing the release, which if known by him or her must have materially affected their or her settlement with the debtor.

The Parties shall expressly and each Class Member shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any U.S. federal or state law or principle of common law or otherwise that is similar, comparable or equivalent to California Civil Code § 1542. The Parties and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' and the Released Settling Defendants' Claims, but the Parties and Class Members, upon the Effective Date, by operation of the Judgment shall have expressly, fully, finally and forever settled and released, any and all Released Plaintiffs' Claims and any and all Released Settling

11

Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

E. "Defendants" means China Ceramics, Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu.

F. "Released Parties" means the Class Plaintiffs' Released Parties and the Settling Defendants' Released Parties.

G.  "Class Plaintiffs' Released Parties" shall mean Ramin Siroosian, Shiva Siroosian, and Mike Banigan and/or their respective families, associates, affiliates, and each and all of their respective past and present employees, attorneys, accountants, insurers, co-insurers, reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors, and assigns or other individuals or entities in which Class Plaintiffs have a controlling interest or which is related to or affiliated with Class Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Actions.

H.   "Settling Defendants' Released Parties" shall mean the Settling Defendants and all entities owned, affiliated or controlled by them, their past or present directors, officers, employees, partners, members, affiliates, predecessors, successors, parents, subsidiaries, divisions, joint ventures, principals, agents, attorneys, trustees, advisors, consultants, underwriters, investment bankers, insurers, reinsurers, assigns, spouses, heirs, executors, personal representatives, associates, related or affiliated entities, any members of their Immediate Families, marital communities, or any trusts for which they are trustee, settler or beneficiary, and anyone acting or purporting to act for or on behalf of any of them or their successors.

I.   I/we hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

J.   This Release shall be of no force or effect unless the United States District Court approves the Stipulation and unless the Stipulation becomes effective as to the Defendants on the Effective Date (as defined in the Stipulation).

## VIII.  <u>CERTIFICATION</u>

I/we certify that I/we believe in good faith that I am/we are a Settlement Class Member, as defined in the Notice, or am/are acting for such person; that I/we have read and understood the contents of the Notice; that I/we have not submitted a Request for Exclusion seeking to be excluded from the Class; that I/we believe that I am/we are entitled to receive a portion of the Net Settlement Fund; and that the foregoing information is true, accurate, and complete to the best of my/our knowledge, information, and belief.

Federal law provides that the filing of a false claim is punishable by a fine of not more than $10,000 or imprisonment for not more than five years, or both.

I/we certify that I am/we are NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the certification above.

I/we declare under penalty of perjury under the laws of the United States that the foregoing information supplied by the undersigned and the supporting documentation attached hereto are true and correct, that I/we wish to enter into the Release, and that this Proof of Claim form was executed this _____ day of _____ (month), _____ (year) in _____.
    (City, State, Country)

_____
Signature of Claimant

_____
(Print your name here)

_____
Signature of Joint Claimant, if any

_____
(Print your name here)

_____
Signature of person signing on behalf of claimant

_____
(Print your name here)

_____
(Capacity of persons signing on behalf of claimant, *e.g.*, Executor, Custodian, etc.)

14

IMPORTANT:  IF THIS CLAIM IS ON BEHALF OF JOINT OWNERS, ALL JOINT OWNERS MUST SIGN.

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME
THANK YOU FOR YOUR PATIENCE.**

**<u>Reminder Checklist</u>:**

 1.  Please sign the above Release and Certification.

 2.  Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website.

 3.  Do not send original common stock certificates.

 4.  Keep a copy of the completed claim form and documentation for your records.

 5.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

 6.  If your address changes in the future, or if these documents were sent to an old or incorrect address please send us **written** notification of your new address.

 7.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

Strategic Claims Services
225 State Road
Media, PA 19063
Tel: 610-891-9852
info@strategicclaims.net

15

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN RE CHINA CERAMICS CO. LTD. SECURITIES LITIGATION | No. 1:14-cv-04100 (VSB) ECF Case |

**SUMMARY NOTICE OF CLASS ACTION SETTLEMENT**

TO:   **ALL PERSONS WHO PURCHASED COMMON STOCK OF CHINA CERAMICS CO., LTD. DURING THE PERIOD FROM MARCH 30, 2012, THROUGH MAY 1, 2014, INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____ at ____ _.m. in a courtroom before the Honorable Vernon S. Broderick, United States District Judge for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY  10007-1312 (the "Settlement Hearing") for the purpose of determining: (1) whether the proposed Settlement consisting of the sum of $310,000 in cash and $540,000 in China Ceramics common stock should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the settlement proceeds is fair and reasonable; (3) whether the application for an award of attorneys' fees of up to $283,333 (in cash and stock in the same proportion as the overall settlement amount) and reimbursement of expenses of not more than $50,000 and an incentive payment of no more than $1,500 to each of the three lead plaintiffs should be approved; and (4) whether the above-captioned matters (the "Litigation") should be dismissed with prejudice.

If you purchased common stock of China Ceramics, during the class period from March

30, 2012, through and including May 1, 2014, inclusive, your rights may be affected by the Settlement of this action. If you have not received a detailed Notice of Pendency and Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies by writing to Strategic Claims Services, 225 State Road, Media, PA 19063, or going to the website, www.strategicclaims.net. If you are a member of the Class, to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release no later than _____ , 2015, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Litigation whether or not you make a claim. If you desire to be excluded from the Class, you must submit a request for exclusion postmarked no later than _____, 2015, in the manner and form explained in the detailed Notice to the Claims Administrator.

. Any objection to the settlement must be made in writing setting forth the objection in the manner and form explained in the detailed Notice must be provided to the Court and parties and be postmarked no later than _____, 2015, to each of them at the following addresses:

> Clerk of the Court
> United States District Court
> Southern District of New York
> Daniel Patrick Moynihan Courthouse
> 500 Pearl Street
> New York, NY  10007-1312
>
> Eugene R. Licker
> Loeb & Loeb LLP
> 345 Park Avenue
> New York, NY  10154
> Telephone:  (212) 407-4157
> Facsimile:  (646) 219-7454
>
> Thomas Patrick Battistoni
> Schiff Hardin LLP

666 Fifth Avenue, 17th Floor
New York, NY  10103
Telephone:  (212) 745-0877
Facsimile:  (212) 753-5044

*Counsel for Defendants*

Brian P. Murray
Gregory B. Linkh
Glancy & Binkow Goldberg LLP
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm, P.A. (NYC)
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

*Counsel for Lead Plaintiffs*

Objectors need not personally appear at the hearing to have their objection considered by the Court.  However if an objector seeks to appear at the hearing, the objector must provide notification of the request to appear at the hearing in his  written objection.


If you have questions about the Settlement, you may call or write one of the counsel for lead plaintiffs listed above.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**


Dated: _____, 2015

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHINA CERAMICS CO. LTD. SECURITIES LITIGATION | No. 1:14-cv-04100 (VSB) ECF Case |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the _____ day of _____, 20___, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Amended Stipulation and Agreement of Settlement dated   July 22, 2015 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against China Ceramics Co. Ltd., Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu (collectively the "Settling Defendants" or "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and the Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") (Dkt. No. ___) was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation and in the Notice.

2.      The Court has jurisdiction over the subject matter of the above-captioned consolidated class action (the "Action"), Lead Plaintiffs, all Settlement Class Members and the Defendants, including all Class Members who did not timely file a request for exclusion from the Class by deadline pursuant to the Court's Preliminary Approval Order.

3.      The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the claims in the Action against the Settling Defendants. The Court certifies as the Settlement Class all persons or entities who purchased China Ceramics Co., Ltd. common stock from March 30, 2012, through May 1, 2014, inclusive, and were purportedly damaged thereby. Excluded from the Settlement Class are:

a.      Defendants;

b.      Officers and/or directors of China Ceramics;

c.      All current and former partners or accounting personnel of the Defendants that were employed by the Defendants during the Class Period;

d.      All such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest;

e.      Any persons who have separately filed proceedings against one or more of

3

Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Action or otherwise alleged, asserted, or contended in the Action; and

      f.     Those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A; and

      g.     Those persons who have no compensable damages.

      5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are certified as the class representatives (or "Class Plaintiffs") and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

      6.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members

of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class; the Settlement Stock is exempt from registration under Section 3(a)(10) of the Securities Act of 1933, as amended; the terms and conditions of the issuance of the Settlement Stock are approved without any restrictions on the transfer of such Settlement Stock; and the exchange of such Settlement Stock, in part, for the Released Plaintiffs' Claims, after a hearing upon the fairness of such terms and conditions at which all persons to whom the Settlement Stock is proposed to be issued had the right to appear, is approved; and this Court is expressly authorized by law to grant such approval.  The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Plaintiffs, Class Members and the Settling Defendants, and that the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the Settling Defendants to have adequately evaluated and considered their positions.  Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Upon the satisfaction of these conditions precedent:

a.      The Action, as well as the complaints in the underlying actions, will be dismissed with prejudice, and without costs, as to the Settling Defendants;

b.      Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, will be deemed to have released and forever discharged the Settling Defendants' Released Parties from any and all Released Plaintiffs' Claims. Lead Plaintiffs and the Settlement

Class Members, and anyone acting or purporting to act for any of them will be permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Plaintiffs' Claims against the Settling Defendants' Released Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund;

c.      The Settling Defendants and their Released Parties, including any and all of their respective successors in interest or assigns, will be deemed to have released and forever discharged any and all Settling Defendants' Claims against the Lead Plaintiffs, any of the Settlement Class Members and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction; and

d.      The Settling Defendants' Released Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

9.      Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

a.      referred to or used against the Released Parties, or any of them, as evidence of wrongdoing by anyone;

b.      construed against the Released Parties, or any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or

6

would have been recovered after trial;

  c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement; or

  d. used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

  10. The Court retains jurisdiction for matters relating to the Settlement.

  11. Without further order of the Court, Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  12. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

  13. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Plaintiffs' Claims, and that insofar as it relates to the Released Plaintiffs' Claims, the Action,. as well as the underlying actions, were not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

  14. The Court GRANTS Co-Lead Counsel's request for attorneys' fees in the cash amount of $_____ and _____ shares of China Ceramics common stock, as well as reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in

the amount of $_____, together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid. Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

15.     The Court hereby GRANTS Lead Plaintiffs' reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in the amount of $_____ each.

16.     Any order approving or modifying the Plan of Allocation, Co-Lead Counsel's application or award of attorneys' fees and expenses, or Lead Plaintiff's application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

18.     In the event that the Settlement does not become final and effective in accordance

with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed (except as set forth in the Stipulation itself) and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.


SO ORDERED:


Dated: _____, 2015



                                     _____
                                     U.S.D.J.

45941-0001
DC\81245602.1

## DECLARATION OF SERVICE

I am an attorney admitted to practice in this district.  I hereby certify, under penalty of perjury, that on this 22nd day of July, 2015, I caused a true and correct copy of the foregoing document to be served on the persons listed below by causing a true copy thereof to be delivered by the Court's ECF system:

Eugene R. Licker
LOEB & LOEB LLP
345 Park Avenue
New York, NY  10154
Telephone:  (212) 407-4157
Facsimile:  (646) 219-7454

**Counsel for Defendants Paul K. Kelly, William L. Stulginsky**

Ralph DeMartino
SCHIFF HARDIN LLP
666 Fifth Avenue, 17th Floor
New York, NY  10103
Telephone:  (212) 745-0877
Facsimile:  (212) 753-5044

**Counsel for Defendant China Ceramics Co., Ltd.**

_____/s/Gregory B. Linkh_____
Gregory B. Linkh (glinkh@glancylaw.com)