USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___4/22/2016___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CHINA CERAMICS CO. LTD.
SECURITIES LITIGATION

---

14-CV-4100 (VSB)

**MEMORANDUM & ORDER**

VERNON S. BRODERICK, United States District Judge:

Before me is Lead Plaintiffs' Motion for Final Approval of Proposed Class Actions Settlement (Doc. 35).  For the reasons stated herein and stated on the record on January 6, 2016, Lead Plaintiffs' motion is GRANTED.

On January 6, 2016, I held a fairness hearing regarding the proposed settlement.  At this hearing I also sought to determine: (1) whether the terms and conditions of the Amended Stipulation and Agreement of Settlement dated  July 22, 2015 (the "Stipulation"), (Doc. 33), are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against China Ceramics Co. Ltd., Huang Jia Dong, Su Pei Zhi, Hen Man Edmund, Ding Wei Dong, Paul K. Kelly, Cheng Yan Davis, William L. Stulginsky, Su Wei Feng, Shen Chang Liang, and Jianwei Liu (collectively the "Settling Defendants" or "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, as defined in the Stipulation.  It appears that notice substantially in the form approved of in the my September 1, 2015 Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order"), (Doc. 34), was mailed to all reasonably identifiable Settlement Class Members,  and that the Summary Notice substantially in the form I approved in the Preliminary Approval Order was published in accordance with that Order and my specifications.

In this Circuit, courts examine the fairness, adequacy, and reasonableness of a class

settlement according to the "*Grinnell* factors." *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)).  Those factors are:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the risks of establishing liability;
> (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendants to withstand a greater judgment;
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery;
> (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Id.*  Here, these factors on balance weigh in favor of a settlement.  With regard to the first factor, the complexity and likely expense of the litigation, based upon my review of the complaint and materials submitted in conection with the motion litigation of this matter would be both complex and expensive.  Although the litigation is still at a relatively early stage, Plaintiffs take on significant risks in pursuing their claims through the motion to dismiss stage, given the heighted pleading standard under the Private Securities Litigation Reform Act of 1995 ("PLSRA"), as well as summary judgment and trial.  This is a securities fraud action that will require costly expert discovery and testimony.

In addition, as Plaintiff points out, this case presents an additional hurdle because China Ceramics conducts all of its operations in the People's Republic of China ("PRC").  (Pls.' Set. Mem. 9.)[1]  This means that the majority of the documents involved in the litigation will be in Chinese and the witnesses will likely be in China and speak only Chinese.  (*Id.* 9-10.)  Further, Plaintiff suggests this presents an additional hurdle since depositions are not permitted in the PRC.

---

[1] "Pls.' Set. Mem." refers to Memoradum of Law in Support of Lead Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement.  (Doc. 36.)

(*Id.* 10.)

The unique circumstance of a defendant based almost entirely in the PRC is relevant to many of the other *Grinell* factors.  For example, when considering the ability of Defendants to withstand a greater judgment that the settlement amount ($850,000), I am mindful that I must also consider that—even were Plaintiffs to be successful in receiving a post-trial judgment greater than this amount—it is unlikely Plaintiffs could enforce such a judgment.  Plaintiff represents that "Chinese courts will not likely enforce U.S. civil judgments," (*id.* 13), and I have no reason to doubt this assertion.  This consideration also influences my analysis of both the range of reasonableness of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  In short, in light of these considerations it seems unlikely even where Plaintiffs were successful at trial that they could realistically hope to receive even a small percentage of their best possible recovery.

The amount of the settlement here seems appropriate even without the consideration of the issues posed by a defendant located principally in the PRC.  Lead counsel initially estimated that damages to the class here totaled $3 millon,  (*id.* 14), meaning a settlement of $850,000 constitutes approximately 28.3% of the damages estimate.  This is higher than other settlements approved in this district.  *See In re China Sunergy Sec. Litig.*, 7-CV-7895, 2011 WL 1899715, at *15 (S.D.N.Y May 13, 2011) (noting that the average settlement in securities class actions ranges from 3% to 7% of the class' total estimated damages); *Velex v. Novartis Pharm. Corp.*, 4-CV-9194, 2010 WL 4877852, at *14 (S.D.N.Y Nov. 30, 2010) (collecting SDNY cases where settlements were approved for percentages of estimated damages including 1.6%, 2%, and 5%).

The appropriateness of this amount is also reflected in the reaction of the class members to

the settlement.  The deadline for class members to file any objections was December 16, 2015, and

Plaintiffs filed a letter with the Court on December 30, 2015, (Doc. 40), representing that no such

objections had been received.  Plaintiffs also reiterated at the January 6 fairness hearing that no

such objections had been received since their December 30 letter, and I have no reason to believe

that any such objections have been received in the time period since the fairness hearing.

Finally, the other *Grinell* factors add further support to a finding that this settlement is fair,

reasonable, and adequate.  Regarding the stage of the proceedings and the amount of discovery

completed, the principal question is whether the parties had adequate information about their

claims.  *In re Global Cross Sec. & ERISA Litig.*, 225  F.R.D. 436, 458 (S.D.N.Y. 2004).  Here,

lead counsel conducted an extensive investigation of China Ceramics's public filings and

undertook research of the factual background and applicable law.   (Pls.' Set. Mem. 11.)

Establishing damages and liability also carries some risks here as, again, the Plaintiffs are subject

to the heightened pleading standards of the PLSRA.  In addition, Plaintiffs may encounter

difficulties in maintaining the class through the conclusion of litigation, as "[e]ven if certified, the

Defendant[] would [likely take] any opportunity to argue for decertification as the Action

progressed."  *In re Top Tankers Inc. Sec. Litig.*, 6-CV-13761, 2008 WL 2944620 (S.D.N.Y. July

31, 2008).  Such possibility means "there is no assurance of maintaining certificiation of [the]

class, as courts may exercise their discretion to re-evaluate the appropriateness of class

certification at any time."  *Id.*

Accordingly, it is hereby:

ORDERED that, unless indicated otherwise, all capitalized terms used herein have the

same meanings as set forth and defined in the Stipulation and in the Notice.

IT IS FURTHER ORDERED that this Court has jurisdiction over the subject matter of the

4

above-captioned consolidated class action (the "Action"), Lead Plaintiffs, all Settlement Class Members and the Defendants, including all Class Members who did not timely file a request for exclusion from the Class by deadline pursuant to the Court's Preliminary Approval Order.

IT IS FURTHER ORDERED that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

IT IS FURTHER ORDERED that, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, I hereby certify the claims in the Action against the Settling Defendants.  I certify as the Settlement Class all persons or entities who purchased China Ceramics Co., Ltd. common stock from March 30, 2012, through May 1, 2014, inclusive, and were purportedly damaged thereby.  Excluded from the Settlement Class are:

a.    Defendants;

b.    Officers and/or directors of China Ceramics;

c.    All current and former partners or accounting personnel of the Defendants that were employed by the Defendants during the Class Period;

d.    All such excluded persons' immediate families, legal representatives, heirs,

5

predecessors, successors, and assigns, and any entity in which any excluded person

has or had a controlling interest;

e.    Any persons who have separately filed proceedings against one or more of

Defendants, based in whole or in part on any claim arising out of or relating to any

of the alleged acts, omissions, misrepresentations, facts, events, matters,

transactions, or occurrences referred to in the Action or otherwise alleged, asserted,

or contended in the Action; and

f.    Those persons who file valid and timely requests for exclusion in accordance with

the Preliminary Approval Order, (of which, as of this date, seem to be none); and

g.    Those persons who have no compensable damages.

IT IS FURTHER ORDERED that, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, Lead Plaintiffs are certified as the class representatives (or "Class Plaintiffs") and Lead

Counsels previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed

as Lead Counsels for the Settlement Class (or "Class Counsel").

IT IS FURTHER ORDERED that the forms and methods of notifying the Settlement Class

of the Settlement and its terms and conditions: (1) met the requirements of due process, Rule 23

of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act

by the Private Securities Litigation Reform Act of 1995); (2) constituted the best notice practicable

under the circumstances; and (3) constituted due and sufficient notice to all persons and entities

entitled thereto of these proceedings and the matters set forth herein, including the Settlement and

Plan of Allocation, to all persons entitled to such notice.  No Settlement Class Member is relieved

from the terms of the Settlement, including the releases provided for therein, based upon the

contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  I further find that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

IT IS FURTHER ORDERED that the Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class; the Settlement Stock is exempt from registration under Section 3(a)(10) of the Securities Act of 1933, as amended; the terms and conditions of the issuance of the Settlement Stock are approved without any restrictions on the transfer of such Settlement Stock; and the exchange of such Settlement Stock, in part, for the Released Plaintiffs' Claims, after a hearing upon the fairness of such terms and conditions at which all persons to whom the Settlement Stock is proposed to be issued had the right to appear, is approved; and I am expressly authorized by law to grant such approval.  I further find that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Plaintiffs, Class Members and the Settling Defendants, and that the record is sufficiently developed and complete to have enabled the Lead Plaintiffs and the Settling Defendants to have adequately evaluated and considered their positions.  Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.  Upon the satisfaction of these conditions precedent:

a.      The Action, as well as the complaints in the underlying actions, will be dismissed with prejudice, and without costs, as to the Settling Defendants;

b.      Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their

current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, will be deemed to have released and forever discharged the Settling Defendants' Released Parties from any and all Released Plaintiffs' Claims.  Lead Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them will be permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Plaintiffs' Claims against the Settling Defendants' Released Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund;

c.     The Settling Defendants and their Released Parties, including any and all of their respective successors in interest or assigns, will be deemed to have released and forever discharged any and all Settling Defendants' Claims against the Lead Plaintiffs, any of the Settlement Class Members and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction; and

d.     The Settling Defendants' Released Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

IT IS FURTHER ORDERED that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

IT IS FURTHER ORDERED that neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

a.    referred to or used against the Released Parties, or any of them, as evidence of wrongdoing by anyone;

b.    construed against the Released Parties, or any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c.    construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement; or

d.    used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

IT IS FURTHER ORDERED that this Court retains jurisdiction for matters relating to the Settlement.

IT IS FURTHER ORDERED that, without further order of the Court, Lead Plaintiffs and the Settling Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS FURTHER ORDERED that there is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, pursuant to Section 21D(c)(1) of the PLRA, this Court

hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Plaintiffs' Claims, and that insofar as it relates to the Released Plaintiffs' Claims, the Action, as well as the underlying actions, were not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

IT IS FURTHER ORDERED, as set forth in my Memorandum and Order addressing fees related to the Action, that Co-Lead Counsel's request for attorneys' fees in the cash amount of $103,333 and $180,000 in shares of China Ceramics common stock, as well as reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in the amount of $21,688.73 together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid is GRANTED.  Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

IT IS FURTHER ORDERED, as set forth in my Memorandum and Order addressing fees related to the Action, that Lead Plaintiffs' reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class is GRANTED in the amount of $750 each, for a total of $2,250.

IT IS FURTHER ORDERED that any order approving or modifying the Plan of Allocation, Co-Lead Counsel's application or award of attorneys' fees and expenses, or Lead Plaintiff's application or award for reimbursement of costs and expenses, shall not disturb or affect the finality

of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

IT IS FURTHER ORDERED that, without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (1) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (2) disposition of the Settlement Fund; (3) hearing and determining applications for attorneys' fees and expenses in the Action; and (4) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

IT IS FURTHER ORDERED that, if the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed (except as set forth in the Stipulation itself) and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

SO ORDERED:

Dated: April 22, 2016

Vernon S. Broderick
United States District Judge

4/22/2016